### EDWARDS v. STEELE.
### No. 7720.

United States District Court
W. D. Missouri, W. D.
Aug. 15, 1952.

The petitioner was not represented by attorney.

Sam M. Wear, U. S. Atty., and Sam O. Hargus, Asst. U. S. Atty., Kansas City, Mo., for respondent.

DUNCAN, District Judge.

Heretofore on August 5, 1952, the petitioner's application to proceed in forma pauperis in the filing and prosecution of a petition for a writ of habeas corpus was granted and a Show Cause Order was issued directing the respondent to show cause on or before August 15, 1952, why such petition should not be granted. On August 12, 1952, the respondent filed his response to the Show Cause Order.

The petitioner's petition and the response to the Show Cause Order show that the petitioner was committed to the custody of the Attorney General of the United States on the 7th day of December, 1951, under Section 4246, Title 18, U.S.C., "until said defendant shall be mentally competent to stand trial or until pending charges against him are disposed of according to law."

The Show Cause Order reveals that some time prior to the 7th day of December, 1951, the defendant was convicted and sentenced in the United States District Court for the District of Columbia and that on the 7th day of December, 1951, the court set aside the conviction on the ground that the defendant was mentally incompetent at the time of his conviction and sentence and was at that time mentally incompetent and unable to understand the proceedings against him or to assist in his own defense. Pur-

suant to such findings and Order, the petitioner was committed to the custody of the Attorney General of the United States until he should become mentally competent to stand trial or until the pending charges against him were disposed of according to law.

■ The petitioner alleges that he is being illegally restrained of his liberty in that he has not been convicted of any offense and that he is being confined solely on the ground that he is insane. The court has heretofore passed on this question in numerous cases, the first of which was Dixon v. Steele, Warden, D.C., 104 F.Supp. 904. It is the opinion of this court, as stated in that case, that the United States courts may not commit persons who have not been convicted of any offense to confinement which which might be for their natural lives in many instances, and that the adjudication and confinement of insane persons is a state function and not the function of the United States.

■ It is further the conclusion of the court that a person who was insane at the time of the commission of an offense is not legally capable of committing an offense, and that question should be determined where a defendant is found to be insane. If he is insane at the time of the commission of the offense, he is not legally guilty and cannot be confined in a Federal institution, except in such jurisdictions where the United States has exclusive jurisdiction. While this defendant was convicted in the District Court of the United States for the District of Columbia, an area over which the United States has exclusive jurisdiction, he was tried and convicted under a general law applicable to the whole country and not under a law enacted and applicable in the District of Columbia alone. The Congress has enacted laws applicable to the District of Columbia under which insane persons may be adjudicated and confined.

■ This court is without authority to determine the question of petitioner's sanity at the time of the commission of the offense. The petitioner is being confined in violation of his constitutional rights.

The petition is sustained and the writ is granted.

It is, therefore, ordered, adjudged and decreed that the petitioner be remanded to the custody of the United States Marshal for the Western District of Missouri, by him to be returned to the custody of the United States Marshal for the District of Columbia for such further proceedings as the court may determine.