UNITED STATES of America

v.

Anthony Joseph MARINO.

No. 56 CR 572.

United States District Court
N. D. Illinois, E. D.

Jan. 24, 1957.

---

R. Tieken, U. S. Atty., Chicago, Ill., for plaintiff.

George Q. St. George, Chicago, Ill., for defendant.

SULLIVAN, District Judge.

An indictment was returned against this defendant on September 28, 1956. Two days later, on October 1, on motion of the United States Attorney, an order was entered stating that there was reasonable grounds to suppose that defendant was not competent to stand trial, and that he should present himself to a named psychiatrist for examination on October 10, 1956, all as authorized by Title 18 U.S.C.A. § 4244.

That section provides that at any time after arrest and prior to sentence, on the motion of the United States Attorney that there is reason to believe that the defendant "charged with an offense against the United States" may not be mentally competent to assist in his own defense, the court shall order a psychiatric examination; and that "If the report of the psychiatrist indicates * * * such mental incompetency in the accused, the court shall hold a hearing * * * at which evidence as to the mental condition of the accused may be submitted". In the case at bar the psychiatrist conducted an examination and reported to the court, using the technical and (to the legal mind) esoteric language of his profession. In fact, so cryptic was the report that counsel were unable to agree on whether or not it "indicates a state of mental incompetency". Defendant says that it does not so indicate and accordingly no further hearing is warranted; the government contends the reverse; and the court agreed that the parties had reason to differ on the question.

While court and counsel considered this situation, two further motions were made. On December 18, 1956, defendant moved to vacate the order of October 1, 1956, and counsel for defendant stated orally that he felt the court had no jurisdiction to enter it. The order was not vacated since it had already been executed, but defendant was given permission to file briefs stating his objections. Then on January 2, 1957, the government filed a motion asking for an early hearing on defendant's competency to stand trial. Briefs have been filed on all questions.

■ Defendant contends that the court has no authority to proceed further (and had none in the beginning) under section 4244 for the reason that the indictment fails to state an offense against the United States. If this be true, the power of the court to act must certainly fall. The power under which a hearing may be held and a commitment made is "the power to prosecute for federal offenses." Greenwood v. United States, 1955, 350 U.S. 366, 375, 76 S.Ct. 410, 415. If there is no federal offense there is no power. Any other holding would transform section 4244 into a vehicle by which the federal government could assume the care and responsibility for the mentally ill—a result surely not contemplated by Congress.

■■ An examination of the indictment to determine whether a federal offense is charged does not require a prior finding as to defendant's competency. The court may and should dismiss the indictment on its own motion if it is insufficient, Fed.Rules Crim.Proc. Rule 12(b) (2), 18 U.S.C.A. In this case defendant's counsel has urged the point in his brief, which may be treated as a motion to dismiss.

■ This indictment charges a violation of Title 18 U.S.C.A. § 871 which provides fine or imprisonment or both for one who makes "any threat to take the life of * * * the President of the United States". It is alleged that the threat was accomplished by posting in a public place on two occasions (Counts I and II) a paper stating "There can be slain no sacrifice to God more acceptable than an unjust President".

That this is not a threat against the life of the present President of the United States is apparent. According to Webster, a "threat" is "the expression of an intention to inflict evil or injury on another". The legal definition goes further: "A threat is an avowed *present determination or intent* to injure presently or in the future". United States v. Metzdorf, D.C.Mont.1918, 252 F. 933, 938. There is in the quoted words no expression of intent on the part of the defendant to injure the President or anyone else, or in fact to do anything whatsoever. Considered as a general observation, the alleged assertion is not pleasant and makes little sense; but it is not a "threat". Further, it is not at all clear to what President the statement refers. Under the Statute, the threat must be against the then President of the United States, Metzdorf, supra. The indictment alleges no innuendo connecting it with the present President, and certainly none is apparent. The statement could relate to any president, past or future, of any country.

■ In the light of the above discussion, Count III is manifestly insufficient. It alleges the mailing of a writing as follows: "The officials who aught (sic) to be arrested and shot are protected! There can therefor be no respect for any law or its Officers! "

The indictment fails to state an offense against the United States under Title 18 U.S.C.A. § 871 and will be dismissed. This court accordingly has no power to proceed under Title 18 U.S.C.A. § 4244.