**Lawrence C. POPE, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 18916.**

United States Court of Appeals
Fifth Circuit.

Jan. 25, 1962.

Pat Maloney, San Antonio, Tex., for appellant.

K. Key Hoffman, Jr., Asst. U. S. Atty., Russell B. Wine, U. S. Atty., San Antonio, Tex., for appellee.

Before JONES, BROWN and GEWIN, Circuit Judges.

GEWIN, Circuit Judge.

The appellant, Lawrence Pope, was convicted under an indictment charging him with robbery of the First State Bank of Thornton, Texas, by putting the life of a person in jeopardy through the use of a dangerous weapon in violation of 18 U.S.C.A. § 2113(d), and the court imposed a sentence of 25 years imprisonment. The appellant offered no evidence tending to controvert the evidence presented by the Government. The robbery took place on November 5, 1960, and the appellant obtained and escaped with approximately $1,744.00.

The only error specified by the appellant is the refusal of the trial court

to grant the appellant's request for the following instruction to the jury:

"Gentlemen of the Jury:

"If a defendant is found not guilty on the ground of insanity, it then becomes the duty of the Court to commit him to St. Elizabeths Hospital, and this the Court would do. The defendant then would remain at St. Elizabeths Hospital until he is cured and it is deemed safe to release him; and when that time arrives he will be released and will suffer no further consequences from this offense."

We have concluded that the court properly refused the charge. It is not a correct statement of the law. The appellant relies strongly on an expression in the dissenting opinion in Howard v. United States, 5 Cir., 229 F.2d 602. The majority decision in that case was modified and changed upon rehearing before the court en banc, the chief question there being the proper test of criminal responsibility where insanity is asserted. That is not the question raised here, but it is important that upon rehearing the statement in the dissenting opinion, when the case was first before this court (229 F.2d 602), was not adopted or approved by the court, Howard v. United States, 5 Cir., 232 F.2d 274.

▮ The primary question raised here relates in large measure to the province of the court and the duty and function of a jury in a criminal case where the statute imposes the duty upon the court to determine the sentence to be given. Generally speaking, jurors decide the facts in accordance with the rules of law as stated in the instructions of the court. Unless otherwise provided by statute, it is the duty of the court to impose sentence, or make such other disposition of the case as required by law, after the facts have been decided by the jury. To inform the jury that the court may impose minimum or maximum sentence, will or will not grant probation, when a defendant will be eligible for a parole, or other matters relating to disposition of the defendant, tend to draw the attention of the jury away from their chief function as sole judges of the facts, open the door to compromise verdicts and to confuse the issue or issues to be decided. In a case of this nature what they were to decide was whether the defendant was guilty or not. See Lovely v. United States, 4 Cir., 169 F.2d 386, 391, where the question presented was eligibility for parole;[1] Dicks v. United States, 5 Cir., 253 F.2d 713, in which it is stated that this court could not commend a statement by the trial court that the sentence would be mild; Shockley v. United States, 9 Cir., 166 F.2d 704, 718, cert. den. 334 U.S. 850, 68 S.Ct. 1502, 92 L.Ed. 773, in which the "conduct of Alcatraz" was injected into the case; Krull v. United States, 5 Cir., 240 F.2d 122, wherein this court held that in the absence of statute, it is the responsibility of the jury to determine whether the accused in a criminal case is guilty or not guilty; and upon the court rests the duty of fixing the punishment; and Dusky v. United States, 8 Cir., 271 F.2d 385, in which the defense was denied the right to present evidence with respect to the possibility of involuntary confinement and treatment of the defendant under civil commitment.

▮ The issue of insanity was asserted and the jury was fully instructed as

---

1. We quote from the opinion: "The jury had nothing to do with the punishment of the defendant, except that under the statute they might decide whether or not he should be given capital punishment; and to charge as to eligibility for parole after fifteen years was to becloud the issue before them and open the way to a compromise verdict. What they were to decide was whether defendant was guilty or not and, if so, whether he should be given capital punishment. Whether he should be paroled after fifteen years, if not given capital punishment, was a matter which they could not decide and which should not have been called to their attention, even though they were told at the same time that they had nothing to do with it. See Ryan v. United States, 8 Cir., 99 F.2d 864; Coward v. Com., 164 Va. 639, 178 S.E. 797."

to the rules applicable under such issue. The appellant makes no complaint about the instructions given as to the proper test of criminal responsibility. We are quite aware of the fact that confinement in a mental institution is not "punishment" in the usual sense of the word, but the problem presented relates to the fundamental division of duty between the court and the jury.

The appellant strongly urges consideration of several cases decided by the Courts of the District of Columbia. In the case of Catlin v. United States, 102 U.S.App.D.C. 127, 251 F.2d 368, the court held that where the defense of insanity was fairly raised, it was error for the trial court to refuse to permit defense counsel in his argument, to advise the jury of the consequences of a verdict of not guilty by reason of insanity; and further, that failure of the trial court to so inform the jury of the consequence of such a verdict constituted error. The same court in Lyles v. United States, 103 U.S.App.D.C. 22, 254 F.2d 725, recognized the fact that a defendant may not desire to have such an instruction given. Apparently, some defendants feel that such an instruction is injurious, while others feel that it may be beneficial.[2] On this question, the Lyles case holds that if it affirmatively appears on the record that the defendant does not want such a charge, failure to give it would not be grounds for reversal. If the record does not affirmatively show that the defendant

did not want such an instruction "* * * the trial judge shall instruct the jury as to the legal meaning of a verdict of not guilty by reason of insanity * * *". Different rules and different statutes apply to the Courts of the District of Columbia, Durham v. United States, 94 U.S. App.D.C. 228, 214 F.2d 862, 45 A.L.R.2d 1430; Howard v. United States, 5 Cir., 232 F.2d 274. As pointed out in Fisher v. United States, 328 U.S. 463, 476, 66 S.Ct. 1318, 1325, 90 L.Ed. 1382, the actions of the Circuit Court of the District of Columbia are not interfered with, "* * * save in exceptional situations where egregious error has been committed".

■ The appellant also calls our attention to Title 24, Sec. 201, Sec. 211; and Chapter 313 of Title 18, particularly Sections 4244–46. The statutes cited cannot be said to constitute authority for the giving of the charge requested by the appellant. As a matter of fact, it is doubtful that the trial court could lawfully commit a defendant to Saint Elizabeths Hospital, after acquittal, as stated in the requested and refused charge, Wells, by Gillig v. Attorney General of United States, 10 Cir., 201 F.2d 556; Higgins v. United States, 9 Cir., 205 F.2d 650; Greenwood v. United States, 350 U.S. 366, 76 S.Ct. 410, 100 L.Ed. 412; United States v. Marino, D.C.N.D. Illinois, 148 F.Supp. 75, 77; Edwards v. Steele, D.C.W.D.Missouri, 112 F.Supp. 382, 383; and Dixon v. Steele, D.C.,

---

2. In the case of Boyle v. State, 229 Ala. 212, 154 So. 575, 587, the court ruled as follows:

"Then followed this statement by the solicitor: ' "If you find this defendant not guilty by reason of insanity Dr. Partlow will be the man who will afterwards have to consider and pass upon the question of sanity." '

"Objection to this argument was overruled and exception reserved.

"This line of argument was presented in Anderson v. State, 209 Ala. 36, 95 So. 171, and Bachelor v. State, 216 Ala. 356, 361, 113 So. 67. In both cases the trial court sustained the objection to such argument, and instructed the jury to disregard it. This court treated such argu-

ment as improper, holding the action of the trial court sufficient to eradicate its harmful effect.

"Clearly the sole question in this connection was whether defendant was 'not guilty by reason of insanity.'

"What might happen if he were sent to the insane asylum, instead of the penitentiary, should not have been thrown into the case to influence the verdict. The action of the trial court was an invitation to the jury to consider such contingency."

See also Am.Jur. V. 53 Sec. 288, P. 243; Sec. 807, P. 596; State v. Johnson, 151 La. 625, 92 So. 139, 142 (with reference to parole); Wise v. State, 251 Ala. 660, 38 So.2d 553, 556.

104 F.Supp. 904, 908. As pointed out in the opinion on Sauer v. United States, 9 Cir., 241 F.2d 640, cert. den. 354 U.S. 940, 77 S.Ct. 1405, 1 L.Ed.2d 1539, this court is limited to a consideration of the law as it presently exists. Changes must come from higher authority.[3]

In its brief, the Government strenuously insists that the appellant waived any objection he previously made to the charge given by the court when counsel for the appellant stated in response to the court's inquiry that he had no objection to the court's charge. The charge in question was requested in Chambers.[4] The following citations deal with this question: Schaffer v. United States, 5

Cir., 221 F.2d 17, 54 A.L.R.2d 820; Estep v. United States, 5 Cir., 223 F.2d 19, cert. den. 350 U.S. 862, 76 S.Ct. 105, 100 L.Ed. 765; Benson v. United States, 5 Cir., 112 F.2d 422; Atkins v. United States, 5 Cir., 240 F.2d 849; F.R.Cr.P. rule 30, 18 U.S.C.A.

Believing as we do however, that the requested charge should not have been given, it is not necessary for us to reach a decision as to whether or not the appellant waived any objection to the charge given by the court or whether the refused charge was properly presented to the court and requested.

The judgment of the District Court is Affirmed.

---

**3.** "But it is not for this court to undertake a drastic revision in the concept of criminal responsibility, a task which would necessitate a searching analysis of philosophies, purposes, and policies of the criminal law, and which might substitute freedom of insane persons for either confinement or commitment. If change there is to be, it must come from a higher judicial authority, or from the Congress."

**4.** The following conversation transpired in chambers before the court charged the jury:

"MR. HOFFMAN: Your Honor, I think we can go along with this charge.

"THE COURT: All those elements can be argued.

"MR. MALONEY: No question at all.

"THE COURT: I don't think there will be any question about it from one side or the other.

"MR. HOFFMAN: It's agreeable to us.

"THE COURT: Let's go over this other charge. First page is just a repetition of the indictment. Next is the law. Next, credibility of witnesses; failure of the defendant to testify; indictment is not evidence; burden of proof; presumption of innocence. And then we come to what you've been carrying around in your pocket for the last three days. Then, reasonable doubt defined. Now, if you want me to, I will add in there, in the verdict, 'If you find the defendant guilty or not guilty because of insanity, as you find the facts to be'—

"MR. MALONEY: I think we are entitled to that, Judge.

"THE COURT: Then write out the form of verdict. 'We, the jury, find the defendant guilty or not guilty because of—' get that regular form. Well, is there anything else about this charge? I want to hear from you now.

"MR. MALONEY: Judge, here's what I'm going to ask for.

"THE COURT: All right.

"MR. MALONEY: Right there, Judge (handing book to the Court.)

"THE COURT: This is from Lyles vs. U. S., 254 Federal Reporter 2nd Series, 728, in which the judge told the jury: 'If a defendant is found not guilty on the ground of insanity, it then becomes the duty of the court to commit him to St. Elizabeths Hospital, and this the court would do. The defendant then would remain at St. Elizabeths Hospital until he is cured and it is deemed safe to release him; and when that time arrives he will be released and will suffer no further consequences from this offense.'

"I am not going to give it.

"MR. WINE: I don't think you have any power——

"THE COURT: No; all I can do is recommend.

"MR. MALONEY: It's shown I did request it?

"THE COURT: I want you to write that out or tell Miss Grace to copy it.

"MR. MALONEY: I appreciate it.

"THE COURT: Miss Grace, the defendant makes the request that you copy that. Put on the bottom of it 'Refused,' and I will sign it."

After the above conversation in chambers, the court charged the jury, then the jury retired and the following occurred:

"THE COURT: Does the Government have any exceptions to the Court's charge?

"MR. HOFFMAN: No, Your Honor.

"THE COURT: Does the defendant?

"MR. MALONEY: No, Your Honor.

"THE COURT: Court will recess."