**UNITED STATES of America, Plaintiff,**

v.

**Nancy CRAWFORD, Defendant.**

**Crim. No. 90–323M–01.**

United States District Court, District of Columbia.

May 25, 1990.

Theodore Schmanda, Asst. U.S. Atty. Washington, D.C., for plaintiff.

Nina Kraut, Washington, D.C., for defendant.

## MEMORANDUM

AUBREY E. ROBINSON, Jr., Chief Judge.

This matter comes before the Court on defendant's appeal[1] of an order of the Magistrate committing her for an evaluation of her mental competency pursuant to 18 U.S.C. §§ 4241(b), 4247(b). Defendant had moved to dismiss below on the ground that the complaint against her fails to state the necessary elements of the offense she is alleged to have violated, 18 U.S.C. § 115(a)(1)(B) (threatening a United States official). The Magistrate denied the motion, finding that "such issues are appropriately addressed in the context of a preliminary hearing which will be scheduled as soon as it has been determined that defendant is competent." Magistrate's Order, filed May 23, 1990, at 2.

Defendant strenuously contends before this Court that any determination of her competency to stand trial remains independent of the preliminary examination required under the Federal Rules of Criminal Procedure. She argues therefore that she is entitled to a probable cause determination prior to temporary commitment under 18 U.S.C. § 4247(b) to facilitate a competency evaluation. The Court agrees, and remands for a determination whether the government's evidence is adequate to hold defendant over for trial on the charge alleged in the complaint.

There is a dearth of authority exploring the interplay between the federal statute governing mental competency determinations, 18 U.S.C. § 4241 *et seq.*, and a defendant's entitlement to a preliminary exami-

---

**1.** Local Rule 407(7) provides that the Chief Judge shall "hear and determine requests for review of rulings by magistrates in criminal cases not already assigned to a judge of the court." As defendant remains unindicted, the matter has not been assigned to any District Judge.

nation following her initial appearance. *See* Fed.R.Crim.Proc. 5, 5.1.[2] The competency statute is silent as to whether its procedures preempt all others where a defendant's participation is contemplated. Defendant cites *In re Barnard*, 455 F.2d 1370 (D.C.Cir.1971), which stands for the general proposition that an individual cannot be subjected to civil commitment absent a finding of probable cause to believe the individual is mentally ill. *See id.* at 1374. This of course does not answer the question whether, in the criminal context, the basis for the underlying offense must be established prior to a competency evaluation.

In one sense, a determination of a defendant's competency would be helpful in conducting the preliminary examination, where the defense cross-examines adverse witnesses and introduces its own evidence. The Court assumes this was the Magistrate's primary consideration in choosing to travel the competency route first.

The fact remains, however that the probable cause determination is a preliminary one, just as is the competency determination. In providing for the latter, Congress did not question a defendant's ability to challenge the government's evidence of incompetency, through her own testimony, evidence and cross-examination of witnesses against her. *See, e.g.,* 18 U.S.C. § 4247(d). It is not clear whether this is because a defendant is presumptively competent until the contrary is demonstrated,

*see Brown v. Warden*, 682 F.2d 348, 349 (2d Cir.1982),[3] or because able defense counsel, appointed if necessary, are manifestly capable of ensuring the fairness of such preliminary proceedings. In either case, the need for scrutinizing a defendant's understanding of the proceedings at initial phases appears to be somewhat lesser than during trial.[4]

There is also a component to the preliminary examination which renders it of particular importance in the context of a questionably competent criminal defendant. Probable cause as to the commission of a federal crime not only establishes a basis to hold the individual over, it establishes the basis for federal jurisdiction, without which the competency provisions themselves cannot operate. As was observed in *United States v. Marino*, 148 F.Supp. 75 (N.D.Ill. 1957):

> The power under which a hearing may be held and a commitment made is the power to prosecute for federal offenses. If there is no federal offense there is no power. Any other holding would transform [the competency provisions] into a vehicle by which the federal government could assume the care and responsibility for the mentally ill—a result surely not contemplated by Congress.

*Id.* at 76 (citation omitted).

Ironically, in *Marino*, the Court examined an indictment for a violation of 18 U.S.C. § 871, prohibiting threats against the President. The "threat" charged there

---

**2.** Rule 5 provides:

> A defendant is entitled to a preliminary examination, unless waived, when charged with any offense, other than a petty offense, which is to be tried by a judge of the district court.... Such examination shall be held within a reasonable time but in any event not later than 10 days following the initial appearance if the defendant is in custody....

Fed.R.Crim.Proc. 5(c). Rule 5.1 states that:

> (a) If from the evidence it appears that there is probable cause to believe that an offense has been committed and that the defendant committed it, the federal magistrate shall forthwith hold the defendant to answer in district court....
> (b) If from the evidence it appears that there is no probable cause to believe that an offense has been committed or that the defendant committed it, the federal magistrate shall dis-

miss the complaint and discharge the defendant....

*Id.* 5.1

**3.** *See also United States v. Duran–Duran*, 1990 WL 49357, 1990 U.S. Dist LEXIS 4851 (N.D.N.Y. April 13, 1990) (from text of 18 U.S.C. § 4241(d), "one can infer that a presumption of competency exists").

**4.** *See* H.R.Rep. No. 1030, 98th Cong., 2d Sess. 222 (1984). According to the legislative history to the 1984 amendments to the federal competency provisions, the function of the standards are two fold: first, it is "fundamentally unfair" to convict an accused, "in effect, in absentia;" second, "the accuracy of the factual determination of guilt becomes suspect when the accused lacks the effective opportunity to challenge it by his active involvement at the trial." *Id.*

failed any definition of the word as it is commonly understood, and despite on-going competency proceedings, the court dismissed the indictment for failure to state an offense against the United States. It is equally appropriate here to state that an examination of the complaint against defendant "to determine whether a federal offense is charged does not require a prior finding as to defendant's competency." *Id.*

With this principle in mind, the Magistrate was in error in refusing to conduct a preliminary examination under Rule 5 of the Federal Rules of Criminal Procedure pending completion of the defendant's competency evaluation. This matter is therefore remanded for a determination, following such examination, whether the complaint as presently framed states an offense under 18 U.S.C. § 115. If this question is resolved in the government's favor, the competency evaluation may proceed. If the contrary, the complaint should be dismissed, and the defendant released from custody.

An appropriate Order accompanies this Memorandum.

### ORDER

In accordance with the Memorandum entered this date, it is by the Court this 25th day of May, 1990,

ORDERED, that the Magistrate's Order of May 23, 1990 committing defendant to the custody of the Attorney General for examination for a period not to exceed thirty days, be and hereby is VACATED; and it is

FURTHER ORDERED, that this matter be and hereby is REMANDED, with instructions to conduct a preliminary examination and probable cause determination pursuant to Federal Rules of Criminal Procedure 5(c) and 5.1. Following said determination, should the government fail to carry its burden, the complaint against defendant shall be dismissed without prejudice, and defendant discharged pursuant to Federal Rule of Criminal Procedure 5.1(b).