# DuBose v. The State.

## Murder.

(Decided Dec. 19th, 1906. 42 So. Rep. 862.)

1. *Witnesses; Cross Examination; Bias of Witness.*—It was irrelev-
ant and immaterial to ask a state witness, on cross examina-
tion, if deceased was not the father of an illegitimate child by
the daughter of witness, in a prosecution for murder.

2. *Homicide; Evidence; Admissibility.*—A witness testified that the
shoe handed to him at the time he was testifying, was fitted
by him on the tracks at the scene of the homicide, and that
they corresponded; it was shown by other evidence that on
the day accused was charged with the killing he had been
shipping turpentine, and on the following day he discarded his
old shoes, and on being asked where they were, told a third
person of their whereabouts, which third person got one of
them and gave it to this witness for comparison with the
tracks; and it was further shown that the shoes was the shoe
of defendant, it was proper to allow the witness to be asked

[DuBose v. The State.]

if the shoe had crude rosin on it at the time it was handed to him.

3. *Criminal Law; Objection to Evidence; Manner of Taking.*—Without objection being interposed thereto a witness was asked a question and answered that. after the homicide, and while defendant was being taken to jail, he saw defendant and asked him what the trouble was between him and deceased, and defendant answered that deceased had been telling tales on him and he wanted to stop him. Held, that a motion to exclude same because not tantamount to a confession was properly overruled.

4. *Same; Evidence; Opinion of Witness.*—A witness may not be permitted to say whether or not, in his judgment, tracks near the scene of the homicide were the tracks of the defendant.

5. *Same; Instructions; Reasonable Doubt.*—The court charged the jury, on request, that if the evidence, or any part of it, after a consideration of the whole of it, generated a well founded doubt of the guilt of the accused, they must acquit him. It was not error, then, to refuse a charge as follows: That if, on consideration of the evidence, the jury entertained a reasonable doubt as to the guilt of the accused, arising out of any part of the evidence, a verdict of acquittal must be rendered.

6. *Same; Argument of Prosecuting Attorney; Reversible Error.*—In the absence of any evidence of the fact, it was reversible error to permit the solicitor, in his closing argument to the jury, to state that the good citizens of the community met after the homicide to ascertain the guilty party, and the defendant was not there.

APPEAL from Clarke Circuit Court.

Heard before Hon. S. H. SPROTT.

Tutt Du Bose was convicted of murder in the first degree, and he appeals. The witness Parker was called for the state, and testified to the killing, and as to tracks leading from near the place of the killing to and from a small tree near the road, and about 20 or 30 feet from where deceased was found lying after the shooting. On cross-examination of this witness the defendant asked the question set out in paragraph 1 of the opinion. The evidence for the state tended to show that the deceased was killed by a gunshot wound under the left shoulder blade from behind, that at a black jack tree about 30 feet from where deceased was found in the road there was evidence of some one having stood, that the defend-

36

[DuBose v. The State.]

ant was near the scene of the killing about 15 minutes prior to the shooting, and that about that length of time after defendant left witness Parker's house a gunshot was heard. The tracks that went to the place of the killing and that led away from there to the place where defendant was next seen were the same, and were similar to defendant's tracks. The objections to testimony and the rulings of the court thereon are sufficiently set out in the opinion.

Charge 2, given for defendant, was as follows: "(2) The court charges you, gentlemen, that if the evidence, or any part of it, after the consideration of the whole of such evidence, generates a well-founded doubt of the defendant's guilt, the jury must find the defendant not guilty." Charge 3, refused to defendant, was as follows: "(3) The court charges you, gentlemen of the jury, that if, upon considering all of the evidence, you have a reasonable doubt as to the guilt of the defendant, arising out of any part of the evidence, you must find the defendant not guilty."

WILSON & ALDRIDGE, for appellant.—The court erred in not sustaining appellant's objection to the argument of the Solicitor.—*Lane v. State,* 85 Ala. 11; *Coleman v. The State,* 68 Ala. 476. The court should have given charge No. 3, requested by appellant.—*Patterson v. State,* 41 South. 157; *Hunt v. State,* 138 Ala. 2.

MASSEY WILSON, Attorney General for State.—The court did not err in sustaining the objections to evidence made the basis of the first three assignments.— *Williams v. State,* 140 Ala. 10; *Cartlidge v. State,* 132 Ala. 17. The defendant's statement was voluntary.— *Braham v. State,* 143 Ala. 28. At any rate the objection came too late.—*Hudson v. State,* 137 Ala. 60; *Coppin v. State,* 123 Ala. 58. The court did not err as to Chappell's evidence.—*Hodge v. State,* 97 Ala. 37. The solicitor had the right to make the argument complained of.—*Jackson v. State,* 136 Ala. 22; *Brown v. State,* 121 Ala. The court did not err in the refused charges.— *Stone v. The State,* 105 Ala. 60; *Pitts v. The State,* 140 Ala. 70; *Spraggins v. The State,* 139 Ala. 93.

HARALSON, J.—1. Objection to a question pro- · pounded to a state witness, by the defendant on cross-examination, viz: "If the deceased was not the father of an illegitimate child by the daughter of witness?" was properly sustained, on the ground of irrelevancy and immateriality.

2. The witness, Jewett, was handed a shoe, he had fitted on the tracks leading to and from the scene of the homicide, stating that the shoe and tracks corresponded, and was asked if the shoe had crude rosin on it at the time it was handed to him for the purpose of comparing it with the tracks, which was objected to for immateriality. The court allowed the question on the statement by the solicitor that he expected to show that it was material. The defendant was shown to have been engaged in shipping turpentine, the day of the killing, and next morning, he had discarded his old shoes, and was wearing a new pair, and when asked, where his old ones were, he showed the witness where they were, in the woods near defendant's house. They were found by the witness, who gave Jewett one of them for the purpose of comparison with the said tracks. The evidence tended to show that these were defendant's shoes and the one Jewett testified about, was offered in evidence. His own son testified that the shoe offered in evidence was his father's.

3. The witness, Walker, testified that on Friday, after the killing he saw defendant, who was stopped at witness' store, while on his way to jail, and witness asked him, what was the trouble between him and Jackson, the deceased, and defendant replied, that deceased had been telling tales on him and he wanted to stop him. The witness further testified, that he made no threats and offered no inducements to defendant to make the said statement. The defendant made a motion to exclude the evidence, but he made no objection to the question calling it out, the ground for the motion being, that it was irrelevant and immaterial, and did not amount to a confession. There was no error in overruling the motion.—*Braham v. State,* 143 Ala. 28, 38 South. 919; *Stone v. State,* 105 Ala. 71, 17 South. 114.

[DuBose v. The State.]

4.   There was no error in the refusal to allow the defendant to ask the witness, Campbell, "If in his judgment the track was that of defendant."—*Hodge v. State,* 97 Ala. 37, 12 South. 164, 38 Am. St. Rep. 145.

5.   Charge 3, asked for defendant and refused, is in substance the same as charge 4 in *Hunt v. State,* 135 Ala. 4, 6, 33 South. 329, but the same charge is substantially covered by charge 2, given for the defendant, and the court cannot be put in error for refusing it.

6.   The solicitor in his closing argument to the jury stated, "That the good citizens of the community had met on the next day after the killing, trying to find out the guilty culprit, and that the defendant was not there." The defendant objected to this statement of the solicitor, and moved to exclude it, which motion the court overruled and defendant excepted. There was no evidence of such a meeting of citizens as is referred to in this statement, and that defendant was not present at such meeting.

Counsel, as has been repeatedly held, should never be allowed, in argument to the jury, to state or comment on facts damaging to defendant, of which there is no evidence before them, and of which no legal evidence could be admitted.—*Lane v. State,* 85 Ala. 11, 4 South. 730; *Coleman v. State,* 87 Ala. 14, 6 South. 290; *Childress v. State,* 86 Ala. 86, 5 South. 775; *Cross v. State,* 68 Ala. 476; *Florence Cotton Mill v. Field,* 104 Ala. 472, 16 South. 538. For this error, the judgment is reversed and the cause remanded.

Reversed and remanded.

Tyson, C. J., and Simpson and Denson, JJ., concur.