199 So. 547

## DAVIS v. STATE.

### 4 Div. 153.

Supreme Court of Alabama.

Nov. 22, 1940.

Rehearing Denied Jan. 16, 1941.

Thos. S. Lawson, Atty. Gen., and Prime F. Osborn, Asst. Atty. Gen., for the State.

John W. Rish, W. L. Lee, and Alto V. Lee, III, all of Dothan, for appellant.

GARDNER, Chief Justice.

The appeal is from a conviction of murder in the second degree with penalty fixed at thirty-five years' imprisonment. Defendant confessedly shot J. T. Trawick, Jr., with a pistol, two bullets striking Trawick, the shot in the breast proving fatal.

Upon the trial Davis rested upon the doctrine of self defense. The wife of Davis operated the Radio Sandwich Shop in Dothan and Trawick worked in the shop. Defendant had been away from Dothan several weeks, and there was proof tending to show his wife did not desire his return, but had changed her affections to Trawick.

Defendant rented a car in Montgomery and drove to the sandwich shop in Dothan. He was armed and the jury may well infer from the proof he anticipated that he might make use of his pistol. Upon the trial there was no proof that Trawick was armed, but defendant testifies that while he and his wife were in the kitchen Trawick came in and was advancing on him with his hand in his left hip pocket when the fatal shot was fired.

The evidence tends to show defendant, in fact, fired six shots and in his pistol, found in the alley, there were found six empty shells. Likewise the proof justified the inference that he made some effort at flight immediately following the shooting, though arrested a few minutes thereafter. There was proof also justifying the inference that immediately preceding the shooting, defendant and his wife, in the kitchen, were having some words or trouble of some character. The wife made some remark about not fearing a pistol and the witness Danzey, who was sitting with Trawick at the time, states he heard a noise or commotion in the kitchen, "sounded like somebody was falling or shoving the table around or something".

Danzey's testimony may further be construed to the effect that it was about this time, Marie Yancey, the sister of Mrs. Davis, ran out the front, and that Trawick pushed the curtain back as he went in the kitchen with the remark "lets don't have any trouble". The shooting followed almost immediately, defendant insisting Trawick continued to advance towards him after being warned not to do so.

We think it clear enough all of these matters constituted a part of the res gestae and that there was no error in permitting the state to show that Marie Yancey "was running" as she came out.

Many of the questions asked defendant by the state on his cross examination were either not answered or answered favorably. But in any event all of the questions so clearly came within the wide range of the trial court's discretion as to require no separate treatment here. Wilson v. State, 195 Ala. 675, 71 So. 115.

The oral charge of the court considered in connection with the several charges given at defendant's request clearly embraced all legal phases of the case for the jury's consideration. We need not, therefore, stop to inquire as to the exact correctness of the charges refused defendant, for the reason that in any event their substance was embraced in the instructions to the jury as above indicated.

On motion for a new trial, defendant insists he has shown an unwarranted and unlawful separation of the jury, citing among other authorities Williams v. State, 45 Ala. 57; Croker v. State, 47 Ala. 53; Payne v. State, 226 Ala. 69, 145 So. 650; Arnett v. State, 225 Ala. 8, 141 So. 699; Melton v. State, 26 Ala.App. 265, 158 So. 196.

It appears that after a brief consideration of the case by the jury accommodations for the night became necessary and they were all carried to the hotel. No place was available for all to occupy the same room. The jurors were accommodated on the third floor of the hotel—four in one room, two or four in another and two or four in another room. The exact number in each room is uncertain. One deputy was placed in the hallway. Part of the jurors were on one side of the hallway and part on the other side. Another deputy slept in the room with two of the jurors. The jury was all along in charge of these two deputies and there was no communication from any outside source.

368

There was here shown no unwarranted separation of the jury and what is said by this Court in Arnett v. State, supra, suffices for all purposes and we consider the question needs here no further discussion.

■ Defendant cites Oliver v. State, 232 Ala. 5, 166 So. 615, as to the deputy Bond who slept in the room with two of the jurors, upon the assumption Bond was a witness for the State. But this assumption is incorrect. Bond did not testify on the trial nor does it appear he had taken any part therein. See reference to Oliver case in Harris v. State, 233 Ala. 196, 172 So. 347. True, Bond admits that he had a wager with one Adams that defendant would be convicted. But the proof is undisputed that the jurors knew nothing whatever as to any such wager. This ground of the motion is likewise untenable.

Other grounds in the nature of newly discovered evidence are so clearly without merit as to need no discussion and indeed are not here urged in brief. Mindful of our duty in cases of this character we have examined the record with care and find no error to reverse. The judgment must accordingly stand affirmed.

Affirmed.

BOULDIN, FOSTER, and LIVINGSTON, JJ., concur.