38 So.2d 553

**WISE v. STATE.
2 Div. 247.**

Supreme Court of Alabama.
Dec. 23, 1948.

Rehearing Denied Feb. 17, 1949.

W. R. Withers, of Greensboro, for appellant.

662

A. A. Carmichael, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the State.

FOSTER, Justice.

This appellant was convicted of the murder of his wife. He plead not guilty and not guilty by reason of insanity. Sections 423, 424, Title 15, Code. The statute provides that if the jury find the defendant did the act constituting the offense, but that at that time he was insane, the jury shall render a special verdict to the effect that defendant is not guilty by reason of insanity; but if they do not believe that he did

the act or believe that he is not guilty on any other ground than his alleged insanity, they must return a general verdict of not guilty. A general verdict of guilty fixing the degree of punishment responds to the requirements of section 424, supra, and is a finding that defendant was not insane at the time of committing the act. Such was the verdict in this case fixing his punishment at death.

■■ But defendant's plea of not guilty required the State to prove his guilt, as though no plea of insanity had been interposed. Evidence was given of the occurrence, not seen by any witness except defendant. Defendant first claimed that his wife committed suicide, though he later confessed to the act of shooting her. But the State was required to prove beyond a reasonable doubt that defendant shot her with malice aforethought to support murder in the first degree. It was therefore the right and duty of the State's representative to produce all the evidence available to prove the elements of the crime; and that it was not suicide. The fact that it was later shown that defendant made an extra-judicial confession did not relieve the State in that respect. It must prove that some one killed deceased, before the confession is admissible. This proof was all made before proof of the confession was offered.

■ The right and duty on the State was primary. Defendant had not testified. The State could fortify its position by proof to meet any defense available under the plea of not guilty. The effect of powder burns on the body of deceased; the cause of her death, and other aspects of the offense were illustrated by photographs of the wounds inflicted, taken by a competent toxicologist, as they resulted from the occurrence not by alteration after her death; also of the room in which it occurred. The picture of her heart, taken out of her body, was not objectionable as it did not disclose any other feature of her body, and not in any respect gruesome. They were all admitted without error. Boyette v. State, 215 Ala. 472, 110 So. 812; Grissett v. State, 241 Ala. 343, 2 So.2d 399; Weems v. State, 222 Ala. 346, 132 So. 711; Stallings v. State, 249 Ala. 1, 32 So.2d 233; McKee v. State, 33 Ala.App. 171, 31 So.2d 656.

■ The chief defense was that of insanity. The evidence on that issue was given mainly by non-expert witnesses. In order to qualify as such a witness he must have had such intimate acquaintance with defendant as to support an inference that the witness would probably have observed it if defendant were insane to any substantial degree. National Life & Accident Ins. Co. v. Hannon, 212 Ala. 184, 101 So. 892; Odom v. State, 172 Ala. 383, 55 So. 820; Jones v. State, 181 Ala. 83, 61 So. 434.

■ There is also this principle in respect to an expression of the opinion of a non-expert. We cannot give expression of an opinion that defendant was insane without first giving the acts and conduct of defendant and circumstances surrounding him, and then he is privileged to say that upon the basis of those details and because of them, he has the opinion that the witness was insane, accompanied of course with evidence of sufficient association to justify a fair inference as to the opportunity of the witness to form an opinion. But he cannot give expression to such opinion by reason of a long and intimate acquaintance only, unaccompanied with a detail of the facts and circumstances on which it is based.

■ Whereas a non-expert having sufficient acquaintance and opportunity to observe, may testify that he has observed nothing in the conduct, speech or appearance of defendant which indicated an impairment of mind, and based on that fact may express an opinion that he was sane. Parrish v. State, 139 Ala. 16(11), 36 So. 1012; Caddell v. State, 129 Ala. 57, 30 So. 76; Fondren v. State, 204 Ala. 451, 86 So. 71; Woods v. State, 186 Ala. 29, 65 So. 342; Dominick v. Randolph, 124 Ala. 557, 27 So. 481; Burney v. Torrey, 100 Ala. 157, 14 So. 685, 46 Am.St.Rep. 33; Underwood v. State, 239 Ala. 29, 193 So. 155; George v. State, 240 Ala. 632, 200 So. 602.

■ Appellant complains of the ruling of the court in admitting the evidence of Doss Fondren, that in his opinion defendant was sane, for that this rule was not observed. He was introduced as a witness for defendant and testified as to a false statement made by defendant to him as indicative, we presume, of an abnormal mind,

but without expressing such an opinion. On cross-examination the State proved by him that defendant had been a competent sawyer at a sawmill for a long time; that a sawyer is the most skilled laborer at the mill; that witness and defendant had done a good bit of fox hunting together and during seven years saw him several times, and knows him very well; lives in the same community with him, about one and a quarter miles away; they saw each other at community entertainments; and he was then asked by the State if he ever noticed anything abnormal or unusual in defendant's acts. Over objection, he answered no, and that, in his opinion, defendant was sane. We think this was a fair compliance with the principles stated above.

■ Dr. Ramey was offered as a witness for defendant. He was a physician of about ten years' experience, not a specialist in psychiatry. He was called to see defendant on Sunday before the killing on Wednesday. Defendant had high blood pressure, was nervous, complaining of pain in the chest and smothering. He gave defendant a shot of morphine, and a prescription. That was about 12 noon, and he was called back about 9 o'clock that night. He was calm, but still suffering from pain and smothering. No heart trouble. His blood pressure was one hundred and sixty-eight, which he said is high. The next time he saw defendant was on a call from the sheriff Wednesday night (after the killing that morning). His blood pressure was one hundred and sixty: he was nervous as a result of it. He talked to defendant that night and examined him, and found him better than he was Sunday night. Dr. Ramey testified that he did not make a study of defendant's mental condition, but observed it, and talked to him, and that is the extent of his observation of his mind. He formed a personal opinion that defendant was sane. This was over the objection of defendant. Later he testified and emphasized that his opinion was not as an expert.

We think that his testimony cannot be supported on the theory that he was an expert. Woods v. State, 186 Ala. 29, 65 So. 342; See. anno. 54 A.L.R. 866. And as a non-expert, he did not pretend to qualify sufficiently to express an opinion. We think there was error in overruling objection to this evidence of Dr. Ramey.

■ The objections to the testimony of other witnesses who were non-experts were overruled without error. The extent of the qualifications of the witness is largely in the judgment of the trial court: not bound by any hard and fast rule. Jones v. State, 181 Ala. 63(1), 61 So. 434. The trial court seemed to have the correct view of the principles which govern the legality of such testimony.

■ And he was particularly accurate and careful to impress upon the jury the principles which control the defense of insanity in criminal cases, so often repeated in our opinions. This appears in his oral charge and special charges given for defendant. We think they properly cover the subject, so that the refusal of requested charges was without injury. Some of them however are argumentative: some call for a verdict of "not guilty" if insanity is proven, when it should be "not guilty by reason of insanity." We do not think it is necessary to analyze each of them separately. We do not find reversible error in their refusal.

The solicitor in his argument to the jury stated: "If he is insane, don't convict him, but if they put him in Bryce's, perhaps he may be back here in a few months." Objection to this was overruled, and exception noted. The Court made no comment to the jury in that respect.

We have often disapproved such argument. Originally it was held not to be reversible to overrule objection. McNeill v. State, 102 Ala. 121, 15 So. 352, 48 Am.St. Rep. 17. We have held that when objection is sustained or the jury properly instructed as to it, the error may be cured. Pilley v. State, 247 Ala. 523, 25 So.2d 57; Oliver v. State, 232 Ala. 5, 166 So. 615; Peterson v. State, 231 Ala. 625, 166 So. 20; Boyle v. State, 229 Ala. 212, 154 So. 575; Bachelor v. State, 216 Ala. 356, 113 So. 67; Anderson v. State, 209 Ala. 36, 95 So. 171.

■ But when objection is made and overruled, and the court does not properly instruct the jury in respect to the argu-

ment, our cases now hold that it is reversible error. Boyle v. State, supra.

We think this case is not materially different in this respect from the Boyle case, supra, and that there was reversible error in overruling the objection to the remark of the solicitor.

On motion for a mistrial appellant insisted that the jury had not been kept together while the case was in progress. And a motion for a new trial was made on the same ground. The evidence on the motion was to the effect that pending the trial the jury slept in two rooms on the ground floor of a tourist cottage situated "in the shadow of the courthouse." Both rooms opened into a vestibule. Half the jury slept in one room and half in the other. The deputy who had charge of them slept in the vestibule with his head in one room and his feet in the other. There was one or more windows in each room. They could be reached from the ground outside. There was no evidence that there was any communication with a member of the jury while so occupying the rooms. There was no other separation shown. No one else occupied the cottage.

The court made separate rulings denying each motion to which exception was taken.

Appellant insists that those facts constituted a separation requiring the State to prove that the jurors did not receive any information or communication, and no act occurred tending to influence their verdict. Mitchell v. State, 244 Ala. 503, 14 So. 2d 132; Arnett v. State, 225 Ala. 8, 141 So. 699.

Of course there is no burden on the State in that connection, unless there is a separation. It is our view that the evidence does not show such a separation. Arnett v. State, supra; Davis v. State, 240 Ala. 365, 199 So. 547.

We think there was no error in overruling the motions, each separately, in respect to that matter.

We do not think it necessary to discuss other questions raised on the trial. For the errors here indicated, the judgment is reversed and the cause remanded.

Reversed and remanded.

BROWN, LIVINGSTON, LAWSON and STAKELY, JJ., concur.