166 So.2d 878

Edward F. DUNN

v.

STATE of Alabama.

3 Div. 87.

Supreme Court of Alabama.

July 30, 1964.

Rehearing Denied Sept. 3, 1964.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

Hill, Robison & Belser, Montgomery, for appellant.

LAWSON, Justice.

The appellant, Edward F. Dunn, indicted and tried for killing his former wife, Shirley Dunn, was convicted of murder in the first degree and was sentenced to life imprisonment. He pleaded not guilty and not guilty by reason of insanity.

The deceased was shot six times with a pistol. The shooting took place on the third floor of a newspaper building in Montgomery shortly after ten o'clock on the morning of September 4, 1962.

At the time of the shooting the appellant was an airman stationed at Maxwell Field. The deceased was an employee of a newspaper published in the building where the shooting occurred.

The appellant and the deceased were married in 1955. They were divorced on July 31, 1962, following a separation which occurred on or about July 1, 1962. Shirley Dunn, the deceased, obtained the divorce and was awarded the custody of the three minor children. Appellant was given visitation rights. Evidence adduced on behalf of the appellant tended to show that he had worried for quite some time over his family situation, particularly in regard to the welfare of his children. According to the appellant's evidence, Shirley Dunn, after the divorce decree, promised to join with appellant in seeking a modification of the divorce decree to the extent that the appellant would have custody of the children. However she later refused to go through with this agreement.

On or about August 8, 1962, the appellant was admitted to a hospital at Maxwell Field for treatment. He remained in the hospital until August 15, 1962, when he was discharged. Shortly after August 15, 1962, with his former wife's permission, he carried their children to the home of his family in Blount County.

During the weekend immediately preceding Labor Day in 1962 the appellant visited his children in Blount County. He returned to Montgomery on Sunday, September 2nd, or Monday, September 3rd.

On Tuesday morning, September 4, 1962, appellant reported for duty at his station at Maxwell Field. Shortly after his arrival there he received a long distance telephone call from a member of his family in Blount County advising him that his former wife, Shirley Dunn, had come to Blount County and picked up his children. He made a long distance call to Shirley Dunn's parents in Birmingham seeking information as to the whereabouts of the children, but was unable to contact her parents. After the unsuccessful telephone call, the appellant drove into the city of Montgomery in a borrowed automobile and went to the newspaper building where he asked for his former wife. He was told that she was not in. He remained in the building until she arrived and at that time inquired of her as to the location of his children. She refused to give him any information. Appellant returned to Maxwell Field, after going by his lawyer's office and advising him of the recent developments. Upon his arrival at Maxwell Field he secured a pistol. He returned to the newspaper building in Montgomery. He went to the third floor of the building where his former wife worked, and after going to her office asked her to step out into the corridor. She did so. After a brief discussion the appellant fired six shots into the body of Shirley Dunn, and she died instantly.

After the proper predicate was laid, the State was permitted to show, without objection, that shortly after the shooting the appellant admitted to police officers that he shot his former wife.

During the course of the questioning of appellant at police headquarters one of

the police typed out the questions put to appellant and his answers to those questions. At the conclusion of the questioning the appellant affixed his signature to the typed instrument. It was shown that the answers were made and the signature was affixed voluntarily. The typed statement which appellant signed consisted of three pages. It was agreed by counsel for the State and for the appellant that the first two pages should be admitted into evidence without objection. However, the third page which bore the signature of appellant was excluded. The reason for the exclusion of the third page is not clear. In the two pages which were introduced into evidence the appellant admitted that he shot Shirley Dunn.

The appellant took the stand. During the course of his direct examination he stated that he did not remember all that occurred on the morning of the shooting. He did not remember getting a pistol at Maxwell Field. He did not remember shooting Shirley. He remembered being questioned by police after the shooting, but he did not remember the questions put to him or the answers he gave. He remembered signing a statement at which he glanced but did not read.

During the course of his cross-examination, Dunn again stated that he did not remember all of his actions on the morning of the shooting. He said he remembered returning to the newspaper building from Maxwell Field and going to the office where Shirley worked and asking her to step out of her office so he could talk to her, but he stated he did not remember having a pistol with him at that time nor did he remember pointing a pistol at Shirley and killing her.

Because of this claimed lack of memory, counsel for the State on further cross-examination asked the appellant if he did not make the various statements included in the first two pages of the written confession which had been admitted in evidence. No objections were interposed to such questioning and the appellant testified that he remembered making some of the statements but did not remember making others. As counsel for the State continued the cross-examination of appellant, he was asked if he did not make certain statements which were included on the third page of the written confession which page, as shown above, had not been admitted into evidence. At this point one of the attorneys representing the appellant objected to that line of questioning unless the appellant was shown a copy of the statement from which he was being questioned. The objection was overruled on the ground that the questions were properly asked as a basis for the impeachment of the appellant by the testimony of the police officers who took the statement.

■ Under the long established rule in this state, the trial court erred in overruling the objection since the appellant had not been permitted to read the statement which he had signed and from which he was being questioned. The rule has long been established in this state that a witness should not be required to answer as to matters reduced to writing by himself or another and subscribed by him until after the writing has been produced and read or shown to him.—Wills v. State, 74 Ala. 21; Kennedy v. State, 85 Ala. 326, 5 So. 300; Manning v. State, 217 Ala. 357, 116 So. 360; Kennedy v. State, 240 Ala. 89, 196 So. 884. See Parker v. State, 266 Ala. 63, 94 So.2d 209; Washington v. State, 269 Ala. 146, 112 So.2d 179.

■ But we do not believe the error of the trial court in overruling the objection of counsel for appellant should work a reversal of this cause. After an examination of the entire cause, we cannot say that the ruling alluded to above "probably injuriously affected substantial rights" of the appellant.—Supreme Court Rule 45. The answers given by appellant to the questions to which objections were overruled were to the effect that the appellant did not remember making the statements about which he was interrogated. There is no conten-

tion made here that appellant did not shoot his former wife. That fact is conceded in brief filed here on behalf of appellant. The answers to the effect that he did not remember making the statements did not, in our opinion, injuriously affect rights of the appellant under his plea of not guilty by reason of insanity. There was no effort made to impeach the witness by showing that he did in fact make the statements about which he had been questioned.

■ The State did not inject into the case the fact that on the day following the shooting the appellant was taken to the newspaper building where he reenacted the crime. Evidence of this occurrence was brought out by counsel for the appellant on cross-examination of State witness A. L. Herring, a detective of the City of Montgomery. The State, on re-direct examination of Herring, pursued the matter further without objection being interposed by counsel for appellant. On re-direct the State showed that the appellant was not required to return to the scene and to reenact the crime, but that he did so voluntarily. No reversible error is made to appear in connection with the evidence relating to appellant's visit to the newspaper building in the company of law enforcement officers on the day following the shooting.

■ We are unwilling to say that the trial court erred in denying appellant's motion for a new trial because the verdict was contrary to the preponderance of the evidence as to the mental condition of appellant at the time of the commission of this offense.

The appellant called one expert witness who expressed the opinion that the appellant was legally insane at the time of the offense and at the time of the trial. The State called no expert witnesses on this phase of the case, but there were several lay witnesses who expressed the opinion that the appellant was sane at the time of the commission of the offense.

■■ The rule is fully settled with us that opinion evidence, even of experts, and in insanity cases, is to be weighed by the jury, and its probative force in overcoming the presumption of sanity, as a rule, is for the jury. This does not mean, however, that the jury may arbitrarily ignore or reject such testimony. Evidence of experts is admitted upon the ground that men who have given great study and have had much experience are more competent than the layman to form a correct opinion on the question of sanity. The juror must determine first whether the hypotheses on which the expert opinion is based are proven in substance and effect, and then weigh the expert evidence in connection with other evidence, indulging the presumption the law declares.—Boyle v. State, 229 Ala. 212, 154 So. 575. See Fitzhugh v. State, 35 Ala. App. 18, 43 So.2d 831, cert. denied, 253 Ala. 246, 43 So.2d 839, and cases cited.

The solicitor in his argument to the jury stated: "Now, I further think, and think you as men of good common sense know, that if you sent this defendant as an insane man up to Tuscaloosa, the State mental institution, he wouldn't stay up there more than ten days. That is my opinion." Objection to this argument was interposed. In response to the objection, the trial court stated that it was for the court, not the jury, to order the appellant sent to the mental institution if the jury found him not guilty by reason of insanity. The solicitor then stated: "Well, I will say, in my opinion, they wouldn't keep him up there * *. *." Objection was interposed to that statement. The solicitor then stated that he had the right to so argue because "he argued it." The court overruled the objection apparently on the theory that the statements of the solicitor to which objections had been interposed were proper as answers to argument made by counsel for the appellant.

■ We have often disapproved such argument. Originally it was held not to be reversible to overrule objection.—McNeill v. State, 102 Ala. 121, 15 So. 352, 48 Am. St.Rep. 17. We have held that when objection is sustained or the jury properly in-

structed as to it, the error may be cured.—Pilley v. State, 247 Ala. 523, 25 So.2d 57; Oliver v. State, 232 Ala. 5, 166 So. 615; Peterson v. State, 231 Ala. 625, 166 So. 20; Boyle v. State, 229 Ala. 212, 154 So. 575; Bachelor v. State, 216 Ala. 356, 113 So. 67; Anderson v. State, 209 Ala. 36, 95 So. 171.

■ But when objection is made and overruled, and the court does not properly instruct the jury in respect to the argument, our cases now hold that it is reversible error.—Boyle v. State, supra; Wise v. State, 251 Ala. 660, 38 So.2d 553.

■ We have given careful consideration to the argument of counsel for the appellant and we find no remarks therein which would justify the argument of the solicitor on the ground that it was in answer to argument made by opposing counsel. One of the lawyers for appellant in his argument did summarize the provisions of § 429, Title 15, Code 1940, which section reads:

"When a person has escaped indictment, or been acquitted of a criminal charge on the ground of insanity, the court, being informed by the jury, or otherwise, of the fact, must carefully inquire and ascertain whether his insanity in any degree continues, and, if it does, shall order him in safe custody, and to be sent to the Alabama state hospitals."

The reference to the provisions of the quoted statute did not, in our opinion, operate to justify the statements of the solicitor to which objections were interposed and overruled.

The State, in brief, says that the solicitor did not state as a fact that the appellant would remain in the State mental institution for no more than ten days if sent there; that he merely expressed that as his opinion. But the same could be said of the argument condemned in the Wise case, supra. There the solicitor used the word "perhaps," yet we reversed because objection to the argument was overruled. Here the solicitor not only expressed his opinion as to what he thought would happen but also stated that he thought the members of the jury, "as men of good common sense know" that appellant would remain in the State mental institution not more than ten days.

■ The State further argues that since counsel for appellant did not follow up the action of the trial court overruling the objections with motions to exclude the argument, we cannot reverse. There is no merit in this insistence.—American Ry. Express Co. v. Reid, 216 Ala. 479, 113 So. 507; Britling Cafeteria Co. v. Shotts, 230 Ala. 597, 162 So. 378; Stephens v. State, 250 Ala. 123, 33 So.2d 245. The opinion in the case of Lambert v. State, 208 Ala. 42, 93 So. 708, relied upon by the State, was expressly modified in the opinion delivered on rehearing in American Ry. Express Co. v. Reid, supra. The case of Lee v. State, 265 Ala. 623, 93 So.2d 757, also relied upon by the State, is not even remotely in point.

In respect to the solicitor's argument to which reference has been made, we think this case is not materially different from the Boyle case, supra, and the Wise case, supra, and we hold, therefore, that there was reversible error in overruling the objections to that argument.

Reversed and remanded.

LIVINGSTON, C. J., and GOODWYN and MERRILL, JJ., concur.