274 So.2d 636

**Glenn H. BALLEW**

v.

**STATE.**

1 Div. 135.

Court of Criminal Appeals of Alabama.

Oct. 31, 1972.

Rehearing Denied Dec. 5, 1972.

Thomas M. Haas and J. D. Quinlivan, Jr., Mobile, for appellant.

William J. Baxley, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

**612**

PER CURIAM.

The indictment charged Ballew with murder in the first degree. He interposed a plea of not guilty and not guilty by reason of insanity. Conviction was for murder in the second degree with sentence to life in the penitentiary.

Several state witnesses testified to hearing gunshots, seeing defendant with a rifle, and finding Mr. James R. Crofton lying on a bench, apparently shot in the abdomen.

It is stipulated in the record Mr. Crofton died as a result of a rifle wound. There is no question raised herein as to the factual guilt of the appellant in firing the shot that caused the death of Mr. Crofton.

The appellant did not testify and the only evidence introduced in his behalf was that in support of his plea of insanity which evidence consisted entirely of depositions of medical experts.

In the closing argument of the State to the jury the District Attorney stated, "I'm sure that you know and I know that if he is there (state penitentiary) and if he then develops any trouble, he will then get his treatment, if he breaks out of that state of remission." This argument resulted in a timely objection by the defense which the court overruled. In this ruling the court committed error. The argument objected to was irregular, unnecessary, and irrelevant to the issue of the defendant's sanity or lack of being responsible for his acts. This type of error was deemed reversible in Wise v. State, 251 Ala. 660, 38 So.2d 553.

In view of another trial which may be possible in this case, it is well to observe that appellant's refused charges 6 and 7 do not correctly reflect the law of insanity that obtains in Alabama which had its inception in Parsons v. State, 81 Ala. 577, 2

So. 854. Counsel for appellant concedes[1] that these charges set forth "a modern rule" which has been tried in some of the Federal courts, and asked that this court adopt the rule. This we cannot do.

For the error heretofore referred to this case is reversed and remanded.[1]

The foregoing opinion was prepared by W. J. HARALSON, Supernumerary Circuit Judge, and adopted by this Court as its opinion.

Reversed and remanded.

CATES, P. J., and ALMON and HARRIS, JJ., concur.

---

1. We forego discussion of whether or not the trial court should have granted a new trial because the State (except in cross examination) did not counter the defendant's expert testimony which preponderated to the conclusion that at the time of the act he was insane within the meaning of our decisions. Another appeal is pending (Griffin, 4 Div. 130) which may clarify this question.