277 So.2d 339

**Barbara Ann ALLRED**

v.

**STATE of Alabama.**

**SC 304.**

Supreme Court of Alabama.

May 3, 1973.

Smith & Smith, Dothan, for appellant.

William J. Baxley, Atty. Gen., Robert S. Lamar, Jr., Sp. Asst. Atty. Gen., Montgomery, for the State.

JONES, Justice.

This case was transferred to the Supreme Court from the Court of Criminal Appeals on March 26, 1973. Appellant was convicted of the murder of her husband. She plead not guilty by reason of insanity. Our search of the record discloses that the sole question presented is whether the remarks of the prosecuting attorney in closing argument, in their cumulative effect, were of such a prejudicial nature so as not to be capable of being eradicated by the rulings and instructions of the trial court.

The pertinent portion of the argument and the entire colloquy here involved are set out as follows:

"MR. WHITE: . . .

"I don't believe that any of you are going to buy this bit about her being insane, their being able to tell that she was insane anymore than I am.

"And what did they do up at Bryce Institute? Of course, she went up to Bryce and they certified that in their opinion, or opinions, that she was insane. But what did they do with her? They kept her there from February until August and then put her back down here on us." (Hereinafter referred to as Statement No. 1.)

"MR. JACK SMITH: Now, we object to that as being prejudicial, 'Putting her down here on us.' That's highly prejudicial. It has no basis in this—

"THE COURT: Sustain the objection.

"MR. JACK SMITH: Move for a mistrial, Your Honor, on that ground.

"THE COURT: And I deny your motion for a mistrial, but do not consider that, Ladies and Gentlemen.

"MR. WHITE: . . . There's no way on earth, within good conscience, that you can find that this woman is not guilty by reason of insanity on

that day. And let her back out to walk the streets of this county and any other county that she wants to go into and kill whoever else she wants to." (Statement No. 2.)

"MR. EARL SMITH: Now we object to that line of argument and move to exclude it. It's highly prejudicial, 'Let her back out and walk the streets of Dothan and this county and kill whoever she wants to.' We move to exclude that, and—the Court has got to commit her, and I don't know if she will ever be back out—

"THE COURT: Are you objecting, or are you arguing to the jury?

"MR. EARL SMITH: We object—

"THE COURT: Do you object to that argument?

"MR. EARL SMITH: We have to put our objection into the record. He's not taking down the argument, and the only way we can reserve exception is to quote what was said and give our reason for it.

"THE COURT: You are quoting what was said and you have it in the record, and I sustain the objection to that argument.

"MR. WHITE: Okay. You all know how long she stayed in Bryce the last time. With that, I'll close . . ." (Statement No. 3.)

"MR. JACK SMITH: We move for a mistrial on account of that remark. It's prejudicial, how long she stayed in Bryce at that time. It goes to the sentence; it goes to the punishment; it goes to the care at the institution up there, which has no basis here as to whether she is insane or not.

"MR. EARL SMITH: And there are a dozen cases right on that point.

"THE COURT: And I overrule your motion for a mistrial.

"MR. JACK SMITH: Reserve an exception.

"THE COURT: Yes, sir.

"MR. EARL SMITH: We ask the Court to exclude that statement then.

"THE COURT: Yes, and exclude that statement in the argument, Ladies and Gentlemen of the Jury, when you come to make up your verdict in this case."

The State contends that not only was the district attorney's Statement No. 1 not prejudicial, but that it was proper argument under the circumstances. In its brief the State says:

". . . the cases cited by Appellant all deal with a remark by the district attorney to the effect that the defendant would be let out of the mental hospital very shortly if found not guilty by reason of insanity.

"However, the above-quoted statement does not fall within the rule. A reading of the district attorney's previous remarks clearly shows that he was arguing the weight to be given the testimony of the Bryce physicians—that if defendant *was* insane why did they not keep her there longer? This in no way refers to what will happen to the defendant if her plea of insanity was accepted by the jury."

The factual setting for the State's contention upholding the propriety of Statement No. 1 is as follows: Defendant was admitted to the Bryce Hospital on December 8, 1970, for mental observation and report (§ 425, Title 15, Code of Alabama 1940, Recompiled 1958). The Superintendent of the Bryce Hospital filed his report with the Circuit Court of Houston County, Alabama, on the 5th day of February, 1971, certifying that Barbara Ann Allred was insane and incompetent at the time of her admission to Bryce Hospital and that she was insane and incompetent at the time of the report of the authorities to the Court on said date. At an inquisition held on the 23rd day of February, 1971, the defendant was found to be insane by the jury duly impaneled and was so adjudged by the Court and returned to the Bryce Hospital, where she remained until she was certified as being mentally competent to stand trial. She was released on August 16, 1971, and her case was set for trial on the 29th day of May, 1972.

█ The difficulty with the State's contention relating to Statement No. 1 lies in the fact that defense counsel's objection specifically pointed out that the language claimed as improper was ". . . put her back down here on us". This goes beyond impeachment of the expert witnesses and falls squarely within that line of cases wherein this Court has repeatedly held that such argument is improper. Ballew v. State, 49 Ala.App. 611, 274 So.2d 636; Cert. den. 290 Ala. 361, 274 So.2d 637; Dunn v. State, 277 Ala. 39, 166 So.2d 878; Wise v. State, 251 Ala. 660, 38 So.2d 553; Boyle v. State, 229 Ala. 212, 154 So. 575; Anderson v. State, 209 Ala. 36, 95 So. 171. See also 44 A.L.R.2d 973.

The State admits that Statements 2 and 3 are improper but contends that any prejudice resulting therefrom was fully eradicated by the action of the trial court in sustaining defense counsel's objection and by admonishing the jury to disregard such statements. We think it is clear that all three statements were made in the same vein with the same import intended by each. The learned trial judge recognized the impropriety of each statement and correctly ruled on each objection thereto. In accordance with the principles laid down in the above cited cases, he further undertook to avert the prejudicial effect of these statements and unquestionably his actions would have accomplished that result as to any one of such statements standing alone.

█ In answering the question before us, we cannot analyze each statement separately to see whether, if standing alone, it

would create an ineradicable bias or prejudice; but rather they must be considered together to determine whether or not, in their cumulative effect, they created a prejudicial atmosphere incapable of eradicability. Blue v. State, 246 Ala. 73, 19 So. 2d 11; Kabase v. State, 244 Ala. 182, 12 So.2d 766.

■ It is a general rule that where prejudicial statements are made in the heat of argument, even though improper, in accommodation of our adversary system, such statements are considered capable of being eradicated by the trial judge in sustaining objections thereto or by appropriate instructions to the jury or both. Dunn v. State, supra. See also Arant v. State, 232 Ala. 275, 167 So. 540. But our cases also recognize that an exception to this rule exists where, irrespective of the best efforts of the trial judge to disabuse the mind of the jury of any prejudicial impression, the conviction obtained is not in an impartial atmosphere. Blue v. State, supra. See also Pointer v. State, 24 Ala.App. 23, 129 So. 787; DuBose v. State, 148 Ala. 560, 42 So. 862.

■ We now turn to an application of the above stated rule, and its exception, to the instant case. The evidence presented but one issue for determination by the jury: Was the defendant legally insane at the time she killed her husband? Expert testimony was offered in abundance by the defense (4 psychiatrists, medical records of 2 hospitals and 1 general practitioner), all to the effect that defendant was legally insane at the time of the commission of the alleged offense. No expert testimony was offered in rebuttal. This is not to say, of course, that the question of defendant's sanity was not an issue for the jury. Dunn v. State, supra; Wise v. State, 251 Ala. 660, 38 So.2d 553; Boyle v. State, supra. What we are saying, however, is that

the prosecuting attorney was obviously faced with a heavy burden of obtaining a conviction in face of such odds on the defendant's "not guilty by reason of insanity" plea. He simply took a calculated risk and pursued with repetition a prejudicial argument, hoping to obtain a conviction at the hands of the jury and trusting the actions of the trial judge to mandate an affirmance on appellate review.

This is best illustrated by the context in which we find Statement No. 3. Immediately following the action of the trial court in sustaining defense counsel's objection to Statement No. 2, the district attorney, apparently to parry such ruling, continued to address the jury thusly:

> "Okay. You all know how long she stayed in Bryce the last time. With that, I'll close."

"With that"—the cumulative prejudicial effect of such argument—the trial court should have granted the defendant's motion for a mistrial; or, failing that, the trial court should have granted the defendant's motion for a new trial. And with that, we'll close.

Reversed and remanded.

BLOODWORTH, McCALL and FAULKNER, JJ., concur.

COLEMAN, J., concurs specially.

COLEMAN, Justice (concurring specially):

I agree that the cumulative effect of the three remarks in the argument of the district attorney requires reversal and a new trial of appellant. I am not to be understood as concurring in the other statements in the opinion.