BOWEN, Judge.
The defendant was indicted and convicted for robbery and sentenced to fifteen years’ imprisonment. His defense was one of insanity. The fact that he actually committed the robbery is not contested.
Although several issues are raised on appeal, we will only consider one: The propri *1130 ety of the oral argument of the deputy district attorney.
At trial, the defendant introduced into evidence his medical records from Bryce Hospital from October of 1968 through June of 1978. In cross examining the custodian of these records, the State, without objection, elicited testimony that the defendant had been in and out of Bryce Hospital several times during this period and had not been continually confined. On redirect examination, defense counsel elicited testimony that the defendant had been admitted to the hospital on ten different occasions. On recross, the State showed that he had also been released ten different times.
On cross examination of another defense witness, the State showed that the last two times the defendant had been sent to Bryce, he was charged with a crime and sent by the court. Subsequent testimony revealed that the defendant had not always been “released” from Bryce; that on a “few” occasions he had escaped; but that “he has been sent back and then released”.
During closing argument, the deputy district attorney made certain remarks which the defendant maintains require a reversal of his conviction. Those remarks are:
“MR. MADDOX (Deputy District Attorney): We don’t know why he was turned loose these ten different times from Bryce, but it’s these same people that says he has mental problems that turned him back loose to go into society, and said go ahead.
“MR. CHANDLER (Defense Counsel): Your Honor, we object to this kind of argument as going back out into society, and ask that counsel be restrained from making that argument.
“THE COURT: Alright, I sustain. Let’s move along.”
******
“MR. MADDOX: When he gets caught for something, he says he’s got a drinking problem, they let him into Bryce, ‘I have this drinking problem. That’s what caused it. I didn’t mean to do anything’, and he dries out, and he acts real nice and they let him go, and he goes and commits another crime, and then he says, ‘oh, I’ve got a drinking problem’.
“MR. CHANDLER: Your Honor, we object to him arguing about any prior crimes.
“MR. MADDOX: Judge, it’s—
“THE COURT: Overrule, go ahead.” ******
“MR. MADDOX: We’re not going to let that hospital out there put us through the expense of fighting crime over and over again—
“MR. CHANDLER: Your Honor, we’re going to object at this time to his statement that would prejudice the jury that Bryce Hospital in Tuscaloosa County, that we’re not going to continue to let this hospital do to us. It’s calling on prejudice and bias of this jury, because it’s located in our County, it’s highly improper, and we ask you for the record and for you to exclude it from this jury’s consideration.
“MR. MADDOX: Certainly I would be happy to withdraw that and make another comment.
“THE COURT: Alright. The jury will disregard that.”
Considering the issues, the parties, and the circumstances, the cumulative effect of the quoted portion of the prosecutor’s closing argument were so highly prejudicial that their utterance constituted reversible error. Christian v. State, 351 So.2d 623, 625 (Ala.1977). We need not list the many cases which support this conclusion. The controlling law is stated in Christian, supra, Allred v. State, 291 Ala. 34, 277 So.2d 339 (1973), and Whisenhant v. State, 370 So.2d 1080 (Ala.Cr.App.), cert. denied, 370 So.2d 1106 (Ala.1979). Any other result would collide with the principles set forth in those cases.
The cumulative inferences of the prosecutor’s arguments are clear and inescapable: The defendant has been committed to Bryce ten times for committing crimes. Each time they have turned him loose and told him to go ahead. When the defendant gets *1131 caught he tells them that he’s got a drinking problem. After he “dries out” they let him go to commit another crime. Don’t let that hospital put us through the expense of fighting crime over and over again.
There was evidence that the defendant had been admitted and released from Bryce Hospital ten times and that his admissions were pursuant to the laws of criminal procedure on at least some of those occasions. There is also evidence that the defendant is addicted to alcohol and that there is a direct relation between the defendant’s consumption of alcohol and his irrational behavior. The prosecutor could have properly commented on these facts and the reasonable and legitimate inferences arising therefrom.
However the prosecutor exceeded the bounds of legitimate argument when he commented that Bryce Hospital turned the defendant “loose” and told him to “go ahead”. Certainly there was nothing to warrant the comment that the function of Bryce Hospital is to put the State “through the expense of fighting crime over and over again”. The remarks cannot be considered as mere comments on the evidence.
As in Allred, supra, the evidence presented but one issue for determination by the jury: was the defendant legally insane at the time he committed the robbery? While this question was one for the jury, the defendant presented ample evidence, including expert testimony, from which the jury could have found him legally insane. The State offered no expert testimony in rebuttal. The evidence of the defendant’s mental condition was such that the jury was faced with a delicate and difficult task in resolving this issue.
In reaching our decision, we have invoked no new rule of law. We have relied upon settled and well established principles. Arguments of the type here employed have been recognized as so prejudicial as not to require objection at trial in order to constitute error. Christian. We have not simply determined that, since the rule was violated, the conviction must be reversed. Rather, we have placed the error within the context and circumstances surrounding its origin and considered the effect such argument might have had upon the jury. We note the lack of any significant effort on the part of the trial judge to disabuse the mind of the jury.
Considering the remarks in their cumulative effect, we think that they were calculated “to inject the poison of bias and prejudice into the minds of the jury”. Blue v. State, 246 Ala. 73, 80,19 So.2d 11,16 (1944). The remarks simply had no place in the trial where the only question before the jury was whether the defendant was insane at the time he committed the robbery. Under the laws of this State this was their only function. Alabama Code Section 15— 16-24 (1975).
Because the remarks of the deputy district attorney denied the defendant a fair trial, this case is reversed and remanded.
REVERSED AND REMANDED.
HARRIS, P. J., and TYSON and BOOK-OUT, JJ., concur.
DeCARLO, J., dissents with opinion.