The defendant was indicted for the first degree murder of William Henry Craig. A jury convicted him of manslaughter in the first degree and fixed punishment at ten years' imprisonment. The only issue raised on appeal concerns the impropriety of the prosecutor's remarks in closing argument to the jury.
During closing argument, defense counsel made four objections to the prosecutor's remarks. Those remarks and the objections made by defense counsel, as well as the action by the trial court, appear in the record as follows.
I AND II
 "MR. GOMANY (Deputy District Attorney): Now, what actions did Chambers do? Did he retreat? We say that he went and got that gun — I don't know whether he got it in his house or from Mullins or —
 "MR. HULTQUIST (Defense Counsel): I am going to object to that, Your Honor. There is absolutely no proof that this defendant went and got a gun. Strongly object to that.
"THE COURT: Sustained.
 "MR. GOMANY: (Continuing) Well, you can draw reasonable inferences from the evidence, testimony, that Chambers walked up to these people standing out on the corner and told them what happened and you know he was mad. And, I think Willa Johnson said he left for a while and then she heard the shots. He came back out there looking for prey.
 "MR. HULTQUIST: I object to that, Your Honor. There is no evidence that he was looking for anybody.
"THE COURT: Sustained."
III
 "MR. GOMANY: The law says you can take a man's life to protect your own, but Chambers chased him — went after the deceased, the deceased —
 "MR. HULTQUIST: Object, Your Honor, there is no proof that the defendant chased anybody and I ask the jury be instructed to disregard that statement.
 "THE COURT: Ladies and gentlemen, let me caution you this. The statement of these lawyers, either one of them, is not evidence and you are not to consider these statements as evidence. The only evidence that you will consider in this case came from this witness stand, and I will leave it up to your individual recollection as to what that evidence was."
IV
 "MR. GOMANY: He (the defendant) had that gun because his own witness, Willia Johnson, they (defense) called her as a witness, she said in her statement, remember a couple of hours later on when that was fresher in her mind, she said, `He opened the door', referring to Craig, `and he sits down, and Jack Chambers pulled out a gun with a brown handle, a little one that fit in his back pocket — you know — pocket — his back pocket — covered it — you know — and he pulled it out'.
 "MR. HULTQUIST: I object to that, Your Honor, I don't believe that statement is in evidence.
 "THE COURT: Ladies and gentlemen, here again, I will leave it up to your *Page 634 
recollection as to what the evidence has been. Go ahead."
 V
The objection to a fifth remark is made for the first time on appeal. That remark by the prosecutor was: "This man (defendant) ran up there and gunned him down."
The defendant contends that these comments are not based on the evidence and are not reasonable inferences to be drawn therefrom. Additionally, he argues that the cumulative effect of the prosecutor's remarks is so prejudicial that a reversal of his conviction is required.
The principles by which this case must be decided are set forth in Allred v. State, 291 Ala. 34, 38, 277 So.2d 339, 342
(1973).
 "It is a general rule that where prejudicial statements are made in the heat of argument, even though improper, in accommodation of our adversary system, such statements are considered capable of being eradicated by the trial judge in sustaining objections thereto or by appropriate instructions to the jury or both. Dunn v. State, supra, [277 Ala. 39, 166 So.2d 878]. See also Arant v. State, 232 Ala. 275, 167 So. 540. But our cases also recognize that an exception to this rule exists where, irrespective of the best efforts of the trial judge to disabuse the mind of the jury of any prejudicial impression, the conviction obtained is not in an impartial atmosphere. Blue v. State, supra, [246 Ala. 73, 19 So.2d 11]. See also Pointer v. State, 24 Ala. App. 23, 129 So. 787; DuBose v. State, 148 Ala. 560, 42 So. 862."
As in Allred, 291 Ala. at 37-38, 277 So.2d at 342
 "In answering the question before us, we cannot analyze each statement separately to see whether, if standing alone, it would create an ineradicable bias or prejudice; but rather they must be considered together to determine whether or not, in their cumulative effect, they created a prejudicial atmosphere incapable of eradicability. Blue v. State, 246 Ala. 73, 19 So.2d 11; Kabase v. State, 244 Ala. 182, 12 So.2d 766."
The State argues that the prosecutor was merely arguing legitimate inferences from the evidence and that, since the trial court sustained every objection made by defense counsel, nothing is presented for review. On this second point, the Alabama Supreme Court has ruled:
 "The ineradicable error rule in this jurisdiction provides an exception to the general rule that improper argument of counsel is not a ground for a new trial or even the subject for review upon appeal unless there has been a timely objection by counsel or a motion to exclude, a ruling thereon by the Court, or a refusal of the Court to make a ruling. Nichols v. State, 267 Ala. 217, 100 So.2d 750 (1958); Washington v. State, 259 Ala. 104, 65 So.2d 704
(1953); Anderson v. State, 209 Ala. 36, 95 So. 171
(1922)."
Christian v. State, 351 So.2d 623, 626 (Ala. 1977).
Considering the prejudicial quality of the prosecutor's remarks preserved for review, we do not find that his statements were such that their impact upon the jury was ineradicable.
The facts show that on May 30, 1979, the defendant and Craig engaged in a fight. The defendant left the scene but later returned and shot at Craig five times as Craig was sitting in his automobile. According to the State's evidence Craig never had a pistol and, inferentially, the defendant brought the pistol he used to kill Craig with him to the scene of the homicide.
The defense presented testimony that Craig had a pistol sometime prior to the killing. When the defendant approached Craig to make up after their fight, Craig pulled the weapon. At that point, the defendant managed to get the pistol away from Craig which accidentally fired. When the defendant "went down under his seat, looked like he was going to get something else" the defendant "fired pistol again and backed off holding the pistol". Two of the five shots fired struck Craig and caused his death. *Page 635 
Under the testimony presented, there is a basis for finding that the prosecutor's arguments were inferences from the evidence. See Stewart v. State, 231 Ala. 594, 165 So. 840
(1936), and Langham v. State, 12 Ala. App. 46, 68 So. 504, cert. denied, 192 Ala. 687, 68 So. 1019 (1915), for analogous though not identical situations. "Liberal rules are allowed counsel in drawing inferences from the evidence in their arguments to the jury, whether they are truly drawn or not." Smith v. State,344 So.2d 1239, 1242 (Ala.Cr.App.), cert. denied, 344 So.2d 1243
(1977). "Counsel has a right to argue any reasonable inference from the evidence or lack of evidence, Davis v. State,49 Ala. App. 587, 274 So.2d 360, cert. denied, 290 Ala. 364,274 So.2d 363 (1972), and to draw conclusions from the evidence based on their own reasoning. Carter v. State, 56 Ala. App. 450,322 So.2d 741 (1975); Cazalas v. State, 43 Ala. App. 6,78 So.2d 562, cert. denied, 278 Ala. 708, 178 So.2d 565 (1964)." Robertsv. State, 346 So.2d 473, 476 (Ala.Cr.App.), cert. denied,346 So.2d 478 (Ala. 1977).
When prejudicial remarks have been made, the trial judge is in a better position than an appellate court to determine whether the remarks were so prejudicial as to be ineradicable.McAllister v. State, 44 Ala. App. 511, 214 So.2d 862 (1968);Evans v. State, 42 Ala. App. 587, 172 So. 796 (1965). The action of the trial court in regard to argument arousing adverse sentiment is reviewed with all presumptions in favor of such action. Beaird v. State, 219 Ala. 46, 121 So. 38 (1929). There is a prime facie presumption against error where the trial court immediately charges the jury to disregard the prosecutor's improper remarks. Nix v. State, 370 So.2d 1115
(Ala.Cr.App.), cert. denied, 370 So.2d 1119 (Ala. 1979).
Here the trial judge sustained all four objections made by defense counsel and, of his own initiative, instructed the jury. Vigorous objections, repeated requests to strike and motions for mistrials often accompany arguments that are considered highly prejudicial. Here we note what objections were made and that there was no motion for a new trial.
While the inferences drawn by the prosecutor may have been weak, the action taken by the trial judge in sustaining objection and instructing the jury was sufficient. We further note that the jury returned a verdict of manslaughter in the first degree obviously giving the prosecutor's comments their true worth and considering them in the context in which they were made. McQueen v. State, 355 So.2d 407, 411 (Ala.Cr.App. 1978).
We would be negligent in our duty if we did not issue a stern caution to all prosecutors to avoid persistently pursuing a line of argument or interrogation "which the court rules to be wrong, and which one reasonably well acquainted with the rules governing the admission of evidence (or argument) must know to be improper". Where the prosecutor continues to argue improperly "the conclusion is irresistible that it is done for the purpose of influencing and prejudicing the minds of the jury in arriving at a verdict". Pointer v. State, 24 Ala. App. 23,27, 129 So. 787 (1930). We need not indicate what our decision would be had not the wise trial judge taken his independent action in instructing the jury.
A thorough consideration of the evidence convinces this Court that the poison of improper argument did not infect the verdict of the jury. We have searched the record as required by law and affirm the judgment of the Circuit Court.
AFFIRMED.
All Judges concur. *Page 636