Cemal Dean Anderson was indicted for rape pursuant to §13A-6-61, Code of Alabama *Page 1363 
1975. The appellant entered a plea of not guilty and not guilty by reason of insanity and the cause proceeded to trial. The jury found Anderson "guilty as charged" and following a sentencing hearing the trial court fixed punishment at 20 years in the penitentiary.
The appellant does not contest the weight and sufficiency of the evidence. Suffice it to say that, while sufficient evidence was presented to go to the jury on the issue of the appellant's sanity, the evidence presented was also sufficient to uphold the jury's verdict of guilt in this cause.
 I
Anderson contends that the trial court committed reversible error in allowing the prosecution to comment on the consequences of a jury verdict of "not guilty by reason of insanity."
The result of a finding by the jury of not guilty by reason of insanity was first interjected into the trial by defense counsel during opening arguments. From the record: (R. 7)
 "MR. ALEXANDER: I expect the Court to charge you at the conclusion of this case that in the event Mr. Anderson is found not guilty by reason of insanity that there is a statutory requirement of this Court to have a hearing within 30 days to determine whether he should be committed.
 "MR. HARGETT: Judge, I'm going to object to him arguing the law to the jury at this time. We're here to determine the facts, what happened March 2d 1982, and not to go beyond that.
 "THE COURT: Sustained. I'll let you have an opportunity to argue the law in closing argument.
"MR. ALEXANDER: Yes, sir."
During cross-examination of a defense witness the trial court discussed the issue of arguing the result of such a finding with both the defense attorney and the prosecutor. Both were advised by the court not to make any arguments concerning possible confinement as a result of a finding of not guilty by reason of insanity. Defense counsel then requested the court to instruct the jury on § 15-16-41, Code of Alabama 1975 (relating to mandatory hearing on commitment pursuant to a finding of not guilty by reason of insanity).
The trial judge agreed to so instruct the jury, but only if defense counsel argued the statute during closing arguments. (R. 221-223).
During closing argument by appellant's counsel, the following took place: (R. 226)
 "MR. ALEXANDER: I don't know if any of y'all saw the 60 Minute episode this last week. But it had a deal in there about not guilty by reason of insanity, and out they walk free. That's not what will happen to Jerry Anderson.
 "MR. HARGETT: Judge, I'm going to object to him stating that's now what will happen. We don't know what will happen to Jerry Anderson. There are too many procedures to be gone through. He can't state that categorically.
"THE COURT: I'll allow you to respond.
"MR. HARGETT: Yes, sir.
The prosecutor then made a closing statement in rebuttal during which the following occurred: (R. 226-227)
 "MR. HARGETT: Don't get the idea that in Alabama the State has to prove that this man is sane. Now, that's maybe the law up in Washington, D.C. where they had to cut Hinkley loose for shooting the President. But that's not the law in Alabama. Please don't be misled into thinking that.
 "MR. ALEXANDER: Your Honor, objection. He showed me the charge that's to be read. And I think it certainly says that one of the elements of the crime is the mental capacity of the Defendant.
 "THE COURT: All right. I think the law is that once the State shows the Defendant is over the age of 14 years that there is a presumption of sanity. All right. Let's go ahead.
"MR. HARGETT: Thank you."
A further review of the record indicates that the prosecutor also argued that the *Page 1364 
jury should put the appellant someplace that he can't get out. (R. 227). However, this comment was induced by the defense counsel while arguing for a judgment of acquittal to the trial judge. The comment apparently was not objected to during the prosecutor's argument to the jury as it does not appear anywhere else in the record.
It is a well-settled rule of law in Alabama that closing remarks by the prosecution which "alert a jury to the possibility that a defendant may soon be set free or escape from a state institution if he is found not guilty by reason of insanity" are to be condemned. Jetton v. State, 435 So.2d 167
(Ala.Crim.App. 1983); Whisenhant v. State, 370 So.2d 1080
(Ala.Crim.App.), cert. denied, 370 So.2d 1106 (Ala. 1979);Meredith v. State, 370 So.2d 1075 (Ala.Crim.App.), cert. denied, 370 So.2d 1079 (Ala. 1979); Christian v. State,351 So.2d 623 (Ala. 1977); Allred v. State, 291 Ala. 34,277 So.2d 339 (1973); Dunn v. State, 277 Ala. 39, 166 So.2d 878 (1964).
This court has also held on many occasions that "remarks or comments of the prosecuting attorney, including those which might otherwise be improper, are not grounds for reversal when they are invited, provoked, or occasioned by accused's counsel and are in reply to or retaliation for his acts and statements." Shewbart v. State, 33 Ala. App. 195, 32 So.2d 241, cert. denied, 249 Ala. 572, 32 So.2d 244 (1947); Camper v.State, 384 So.2d 637 (Ala.Crim.App. 1980); Wilder v. State,401 So.2d 151 (Ala.Crim.App.), cert denied, 401 So.2d 167 (Ala. 1981), cert. denied, 454 U.S. 1057, 102 S.Ct. 606,70 L.Ed.2d 595 (1981); Miller v. State, 431 So.2d 586 (Ala.Crim.App. 1983).
Further, control of closing arguments rests in the broad discretion of the trial judge and where no abuse of discretion is found, there is no error. Elston v. State, 56 Ala. App. 299,321 So.2d 264 (1975); Robinson v. State, 439 So.2d 1328
(Ala.Crim.App. 1983); Thomas v. State, 440 So.2d 1216
(Ala.Crim.App. 1983). The trial judge can best determine when discussion by counsel is legitimate and when it degenerates into abuse. Garrett v. State, 268 Ala. 299, 105 So.2d 541
(1958); Hurst v. State, 397 So.2d 203 (Ala.Crim.App.), cert. denied, 397 So.2d 208 (Ala. 1981).
For aught that appears in this record, the comment of the prosecutor in this cause does not reach the degree of prejudicial effect of the comments in Jetton, supra,Whisenhant, supra and the other cases cited therein. In Jetton
the prosecutor argued to the jury that the "probabilities are that he will be out in three months" if found not guilty by reason of insanity. In Whisenhant the prosecutor told the jury that if the defendant was found not guilty by reason of insanity that the mental hospital would not accept him because he was "sane" and the defendant would have to be set free.
In Allred the prosecutor told the jury that the defendant would be "back out to walk the streets of this county and any other county that she wants to go into and kill whoever else she wants to." In Christian the prosecutor reminded the jury of the defendant's earlier release from Bryce Hospital and the subsequent murder of defendant's mother. He then stated that "this man is scott free — free to walk the streets of Tuscaloosa again" if found not guilty by reason of insanity.
In the present case the prosecutor's comment cannot be taken as informing the jury that if appellant was found "not guilty by reason of insanity" that he would not be kept in a mental institution and be free to walk the streets. The prosecutor's comment was here a legitimate argument and reply in kind to argument first advanced by defense counsel in opening and closing arguments. For these reasons the trial court will not be held to be in error.
A review of the record in this cause reveals no error injurious to the appellant. The judgment of the trial court is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur. *Page 1365