288 So.2d 187

**William J. ADAIR**

**v.**

**STATE.**

**6 Div. 538.**

Court of Criminal Appeals of Alabama.

Dec. 4, 1973.

Rehearing Denied Jan. 2, 1974.

Joe O. Sams, Jr., Columbus, Miss., for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

TYSON, Judge.

The appellant was indicted for the grand larceny of one "blue English made Ford tractor," of the value of $3150.00, personal property of James H. Black. The Jury found the appellant guilty as charged, and judgment set punishment at eight years imprisonment.

James H. Black testified that on May 13, 1971, he owned a tractor business in Fayette, Alabama. He stated that on this date, he had an English made blue Ford tractor, valued at $3150.00, at his place of business, and that its serial number was B–892599. Mr. Black testified that he next saw this tractor and identified it on a farm just across the Mississippi line from Pickens County, Alabama, and was able to identify it by the serial number and make.

Harry Dowdle testified that he was criminal investigator for the Columbus, Mississippi, Police Department, that the appellant lived in Columbus, Mississippi, in the Pinecrest subdivision. He further stated that the appellant leased a farm just outside Columbus, and that on June 15, 1971, he went to this farm, which was located just south of Columbus on Highway 69, and there found a "blue English made Ford tractor," with serial number B–892599. He stated that he went there with a search warrant and determined that the owner was Mr. James H. Black of Fayette, Alabama. He stated that he had observed the appellant on and near the premises which he leased and operated as a farm, which was where the missing tractor was found. He stated that the farm in question was approximately 135–150 acres in size, and that the tractor in question had been placed behind the barn "where you could not see it coming up the road." He further stated that he got a key to the premises and the main gate from the appellant and used this to unlock same.

Investigator Dowdle's testimony was corroborated by Columbus Police Officer George Graves, who stated that he had gone to the farm in question to search for the missing tractor, which was described in the search warrant, and there found same in the back of the barn, which could not be seen from the road.

Appellant's counsel then stipulated that the appellant leased the premises in question from a Mrs. Jarrett, where the missing tractor was found.

At the close of the State's case, the appellant moved to exclude the evidence. The appellant did not present any testimony at trial.

I

During the closing argument of the District Attorney, Mr. Junkin, the following occurred:

"MR. JUNKIN: The defendant could have taken the stand and told you he didn't seal [sic] this tractor.

"MR. NOLEN: We object to that on grounds that it is prejudicial to Mr. Adair to make a statement about his not taking the stand and move to strike it.

"MR. JUNKIN: I was rebutting an argument that the [sic] made. Mr. Sams told the jury, explained to the jury about the defendant, that they did not feel they should explain it.

"MR. NOLEN: We move for a mistrial on ground our client's rights have been prejudiced due to the fact they heard that remark.

"THE COURT: The motion will be denied.

"MR. NOLEN: We except to the Court's ruling.

"THE COURT: (To the jury) Can you cast that out of your minds and go ahead and try this case on the evidence? Is any member of the jury prejudicial by or from hearing this statement?

"THE COURT: Let the record show that nobody raised their hand. Now, if this argument was in the law as to recent unexplained possession, then that would be relevant but any comment about the defendant taking the stand would not be relevant.

"MR. JUNKIN: The defendant told the jury they did not feel like they had to explain possession, don't I have a right to rebut that?

"THE COURT: Oh, yes.

"MR. NOLEN: We except to the ruling."

Appellant's counsel contends that such comment by the prosecutor was a comment on the failure of the appellant to testify, and that the trial court erred to reversal in overruling counsel's motion for a mistrial based on this argument.

In appellant's argument he relies upon Griffin v. California, 380 U.S. 609, 85 S. Ct. 1229, 14 L.Ed.2d 106. In this case the United States Supreme Court stated that:

"' . . . the same standards must determine whether an accused's silence in either a federal or state proceeding is justified.' We take that in its literal sense and hold that the Fifth Amendment, in its direct application to the Federal Government and in its bearing on the States by reason of the Fourteenth Amendment, forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt."

In discussing whether such comment could be the subject of the harmless error doctrine, the Supreme Court, in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, held that the burden is on the party who is the "beneficiary of the error to prove that there was no injury."

In Anderson v. Nelson, 390 U.S. 523, 88 S.Ct. 1133, 20 L.Ed.2d 81, in discussing the *Griffin* and *Chapman* doctrines, the Supreme Court observed:

"We agree with Judge Ely that comment on a defendant's failure to testify cannot be labeled harmless error in a case where such comment is extensive, where an inference of guilt from silence is stressed to the jury as a basis of conviction, and where there is evidence that could have supported acquittal. We find this is such a case."

Recently, this Court, in King v. State, 48 Ala.App. 154, 262 So.2d 764, cert. den. 288 Ala. 744, 262 So.2d 767, in discussing this problem stated:

"Comment on the failure of the appellant to testify in his own behalf is highly improper. This does not mean, however, that the prosecutor may not comment on the character and strength of the State's evidence. Littlefield v. State, 36 Ala. App. 507, 63 So.2d 565. In determining whether the prosecution's statement is a comment on the failure of the appellant to testify, the statement must be viewed in its context and in the light of what has transpired. Broadway v. State, 257 Ala. 414, 60 So.2d 701; Washington v. State, 259 Ala. 104, 65 So.2d 704."

In the case at bar, the trial court promptly admonished the Jury that "any comment about the defendant taking the stand would not be relevant."

Additionally, the trial court called upon the members of the Jury to raise a hand if any member thereof could not cast such comment out of his mind and not be prejudiced by hearing the statement. The

record discloses that none of the jurors raised a hand. Applying both the Federal and State constitutional standards to the statement here made, we hold that such, in the case at bar, was harmless beyond a reasonable doubt. This holding is based upon the fact that here there was absolutely no stressing of this statement by the trial judge, but to the contrary, there was a prompt instruction to cast this out of their minds and an inquiry directed to them as to whether or not the jurors could carry out this instruction. Moreover, it is clear that the prosecuting attorney made his comment "on the basis of what he thought was 'argument in kind,'" rather than as a direct attempt to point out that the appellant had not taken the stand to testify. Further, the evidence of guilt is here very strong, and there is none tending toward acquittal. We therefore hold that the trial court properly overruled the motion for mistrial. Broadway v. State, 257 Ala. 414, 60 So.2d 701; Troup v. State, 32 Ala.App. 309, 26 So.2d 611; Willingham v. State, 261 Ala. 454, 74 So.2d 241.

Moreover, in the trial court's oral charge to the Jury, to which the appellant announced, "Satisfied," the court stated:

".  .  . The law says a defendant has the right to not take the stand and he has that right under the constitution, and if he does decide to take the stand or does not take the stand, he has the constitutional right not to take the stand and the law says if he exercises that right that you should not hold that against him."

It is clear, therefore, that the trial court properly instructed the Jury on the appellant's right not to take the witness stand and testify. Troup v. State, supra; Massey v. State, 49 Ala.App. 341, 272 So.2d 267, cert. den. 289 Ala. 747, 272 So.2d 270. Cf. Padgett v. State, 45 Ala.App. 56, 223 So.2d 597, cert. den. 284 Ala. 732, 223 So. 2d 603.

## II

The trial court gave four of appellant's written requested charges and refused ten others. We have carefully examined each of these and find that same are either affirmative in nature, and, therefore, properly refused under the evidence, incorrect statements of applicable law, or fully and substantially covered in the trial court's oral charge and the given charges; hence, these refusals were without error. Title 7, Section 273, Code of Alabama 1940.

We have carefully examined this record, as required by Title 15, Section 389, Code of Alabama 1940, and find same to be free from error. The judgment is therefore due to be and the same is hereby

Affirmed.

ALMON and DeCARLO, JJ., concur.

HARRIS, J., concurs in result.

CATES, P. J., dissents.