During the opening statement to the jury, the State's attorney made the following statement:
 "THE COURT: All right. Make your opening statements to the jury.
 "MR. ROBINSON: You are fixing to hear a case about the Defendant selling marijuana —
"MR. NASH: We object, Your Honor."
This was followed by a motion for a mistrial by defense counsel, which was overruled by the trial court.
Mindful of our obligation under the remandment in this cause, we note that here the motion in question is based upon the premise of the ineradicable nature of the remarks.
While it could be argued that such comment was an inadvertence on the part of the State's attorney, yet here we have no clarifying instructions by the trial judge to the jurors. An example of where instructions to disregard such argument were given and an inquiry made, could the jurors "cast such comment out of their minds," may be found in this Court's opinion in Adair v. State, 51 Ala. App. 651, 288 So.2d 187.
In Adair, this Court determined such to be harmless beyond a reasonable doubt, in light of the trial judge's actions.
The reference above shown to another pending case against this appellant is clearly prejudicial.
Moreover this record fails to show any such clarifying instructions or a polling of the jury, hence, we believe such remark falls within that line of cases which deem such comment ineradicable, and therefore prejudicial error. Watts v. Espy,211 Ala. 502, 101 So. 106; Stain v. State, 273 Ala. 262,138 So.2d 703; Bozeman v. State, 25 Ala. App. 281, 145 So. 165;Renfroe v. State, 49 Ala. App. 713, 275 So.2d 692, and authorities therein cited.
It therefore follows that this cause is due to be and the same is hereby
REVERSED AND REMANDED.
CATES, P.J., and DeCARLO and BOOKOUT, JJ., concur.
HARRIS, J., concurs in the result.