TYSON, Judge.
Aaron Jake Patton was indicted for the first degree murder of one Jerome Sanders. The jury found the appellant guilty of manslaughter in the first degree and fixed punishment at ten years imprisonment. The trial court overruled the appellant’s motion for new trial, which asserted error by virtue of the trial court’s failure to rule on appellant’s pretrial motion to suppress until time of trial.
The facts in this cause are not in dispute. Aaron Jake Patton was taken into custody by the Birmingham Police Department on February 19,1978, after a shooting incident, which occurred a short distance from the appellant’s home.
The deceased, Jerome Sanders, had made entry into appellant’s home with a pistol and had seized appellant’s wife at pistol point. Sanders then began to back out of the house, holding appellant’s wife while he kept his pistol pointed at her head. Outside the home, Mrs. Patton managed to break away from Sanders, and then Sanders began to flee, running down the sidewalk. Aaron Jake Patton pursued Sanders and shots were exchanged.
One of the State’s witnesses, Charles Carlin, indicated that he saw Patton fire five shots at the deceased, Sanders, as Sanders lay on the ground. This occurred approximately one block from Patton’s home.
I
The sole issue presented for review is the alleged failure of the trial court to rule prior to trial on appellant’s motion to suppress a statement given by Patton to police officers shortly after his arrest. The statement was dated February 20,1978, and was allegedly taken by Birmingham officers at Police Headquarters following Patton’s arrest. A copy of this was made available to defense counsel and a preliminary hearing *1276 was conducted in this cause on March 15, 1978. The indictment charging the appellant with the first degree murder of Jerome Sanders was dated April 7,1978. The original motion to suppress appellant’s statement was filed April 24, 1978, and an amended motion was filed on October 23, 1978, before trial. The trial of this cause commenced on November 14, 1978.
We find the following colloquy pertaining to the pretrial motion (R. pp. 2-6):
“MR. WILLIAM LLOYD: May it please the Court, Your Honor, on April 20th, of this year, a motion to suppress was duly and timely filed in this case.
“Following that, on September 23rd — correction, October 23rd, of this year, an Amended Motion to Suppress was further filed in this case. The motion was presented to the presiding judge, who was — not the presiding judge, but the duty judge that week, who happened to be Judge Jasper, and the motion was filed as an Amended Motion to Suppress and Motion for Pretrial Hearing.
“It is the defendant’s position, Your Hon- or, and the basis of this motion, which was overruled by Judge Jasper, that in order to properly prepare for the defense of this case, a pretrial hearing on the Motion to Suppress a statement allegedly made by the defendant was necessary and proper in order to properly represent the defendant. I felt like I needed the time which would be afforded after a ruling on that motion.
“THE COURT: Did you know what was in that motion?
“MR. WILLIAM LLOYD: Yes, sir.
“THE COURT: You had seen the motion. We haven’t got any question of inspection and that sort of thing?
“MR. WILLIAM LLOYD: No, sir. I knew what was in the statement.
“However, there were extraneous matters in the statement that might relate, possibly, to other crimes, or extraneous matters, which, if allowed to remain with the statement, would certainly be prejudicial to my client in the trial of this cause and would directly affect the course of the defense in this case.
“Judge Jasper did overrule the Motion for a Pretrial Hearing, and it is my understanding that the policy of this Court is to hear a Motion to Suppress, itself, at that point in the case in chief in which it arises.
“That being the case, I would like to note an exception to the Honorable Judge Jasper’s ruling preventing us from having a pretrial hearing on this matter, and renew the terms set out in the Motion to Suppress, and ask this court to reconsider that ruling that there could not be a pretrial Motion to Suppress by some dissidents.
“THE COURT: Now, still on the record, of course, you and Mr. Dick, the deputy district attorney, and I conferred just a few minutes ago in the chambers about this matter, and, as I understand it, read' this motion I have before me, and it does pertain to statements.
“During this conference I did ascertain that Mr. Dick does not anticipate offering this statement as such, as a statement, probably will not offer it, and if he should, of course, at that time the Court will go into the question of extraneous matters.
“The Court has instructed Mr. Dick that extraneous matters, wherein the defendant may have been questioned about drug related cases and that sort of thing, would not be admissible and should not be mentioned in the presence of the jury. “The Court understands further that the only possible, or probable, use that would be made of the portions of the statement would be to use on cross-examination for possible impeachment purposes, and there is no way that I know of to just try a case in advance, on pretrial motion, because this type matter that you are addressing this motion to, as I understand it, is one of those that would have to be governed by the circumstances as they arise in the course of the trial.
“So, I do overrule the motion, and I do renew my instructions to both the State and defense that it would be improper to — with any witness, or without a witness — to go into any extraneous matters in such statement.
*1277 “As I say, I will have to rule on matters one at a time in this regard as they come up, and that will largely be governed by the manner in which they do come up. “So, I do overrule the motion at this time for a ruling on the pretrial motion, because I wouldn’t know how to rule on it. “MR. WILLIAM LLOYD: Certainly, and we respectfully except to Your Honor’s ruling.
“THE COURT: All right.
“MR. WILLIAM LLOYD: I think that covers it.
“THE COURT: Okay. Let me say this:
“I said that I wouldn’t know how to rule on it. I meant by that that I wouldn’t know how to approach it pretrial, because it may, or may not, ever arise, and I don’t know how it would arise.
“That is what I was trying to say.
“MR. WILLIAM LLOYD: Yes, sir.”
Appellant’s counsel asserts on appeal that the alleged failure to grant his pretrial motion to suppress appellant’s statement had a chilling effect on counsel’s ability to adequately represent the appellant at trial as such “hung like a Damoclean Sword” throughout the trial (Appellant’s Brief, p. 5).
In oral argument in this cause, counsel for the appellant conceded that he received a copy of appellant’s statement “within a few days” of his initial arrest. This was turned over to him by Birmingham officers. Moreover, a preliminary hearing was conducted in this cause before indictment.
As may be seen in examining the above colloquy just before trial, the district attorney indicated to defense counsel that he would not use the statement of appellant at trial, and the trial court admonished both parties with reference to same. It thus appears that it was unnecessary for the trial judge to rule on the motion to suppress since the State’s attorney indicated that it would not be offered at trial.
With reference to defense counsel’s decision as to whether or not he should use the appellant as a witness, such always becomes a matter of trial strategy once, as here, counsel is aware of the various options open to him under the evidence to be presented. Further, counsel had been aware for many months prior to trial of the contents of the statement and the details of the shooting incident. The record in this cause discloses an able and energetic defense of appellant by his attorneys. The cause was fairly tried before an experienced and able judge, and the record in this cause is free of legal error. We see no error in the trial court’s alleged failure to rule on the motion to suppress and to suppress the alleged statement of the appellant when defense counsel was made aware that such would not be offered at trial.
It is our opinion that the entire matter became one of appropriate trial strategy to be developed by defense counsel under the circumstances of this case.
We find no error.
This cause is therefore
AFFIRMED.
All the Judges concur.