TYSON, Judge.
Claude H. Harris, Jr., was indicted for sexual contact by forcible compulsion, otherwise known as sexual abuse in the first degree, in violation of § 13A-6-66, Code of Alabama 1975. After receiving from the trial court proper instructions on lesser included offenses, the jury found the appellant guilty of sexual abuse in the second degree under § 13A-6-67, Code of Alabama 1975. The trial court sentenced appellant to one year in the Jefferson County jail and fined him $1,000.00. A motion for new trial was denied.
On January 3, 1980, at approximately 8:40 a. m. appellant arrived at the apartment of the prosecutrix, the alleged victim in this case. The prosecutrix recognized appellant through the crack of her chained door, as a man she had seen several times before at a local bar and once at her apartment building where he had helped her neighbor move. He asked to use the telephone to locate a man whose apartment number he could not remember and who he was supposed to meet that morning on business. The prosecutrix let him in to use the phone and after a short conversation with him she went into her bedroom to dress for *382 work. She was in a hurry because as manager of a local jewelry store in Birmingham it was her duty to open the store each morning and she was running late. After appellant had apparently made several unsuccessful attempts to locate his alleged business associate, he walked to the bedroom, opened the door, and saw the prose-cutrix in her bra and pantyhose.
There was some dispute about the events that followed. The prosecutrix testified that after the appellant burst through the door he grabbed her and pinned her to the bed and began undressing her. He kept calling her a “prostitute”, a fact which she emphatically denied. After undressing her and in spite of her attempts to free herself from his grasp, appellant put his hands all over her body, including her breasts, her vagina and inside her vagina. She continued to struggle and protest this abusive treatment and finally the appellant got up and left the apartment.
Later that day the prosecutrix reported the incident to the police, although at the time she did not remember the appellant’s name. It was only later, after contacting some friends and doing other investigative work of her own that she identified her attacker as the appellant.
The appellant called her a few days later and begged her not to pursue the matter with police. He told her he was sorry and would not bother her again.
Appellant’s statement regarding the incident inside the prosecutrix’s apartment differed considerably. Appellant did not testify at trial, but his recorded statement was read into evidence by Sergeant Harold Mur-dock, a detective for the Hoover Police Department. In the statement the appellant confirmed everything up to the point where he opened the bedroom door. His statement was that at that point he apologized for opening the door and left without any contact with the prosecutrix whatsoever. He called her a few days later to apologize again and assumed the matter was closed.
Sergeant Murdock testified that he and Sergeant Tom French, also a detective with the Hoover Police Department, arrested the appellant on January 9, 1980, at approximately 2:30 p. m. The arrest took place inside an establishment called Fantastic Sam’s in the K-Mart Shopping Center in Hoover. During the arrest the Miranda warnings were read to appellant twice, once by Sergeant French inside the building, and again by Sergeant Murdock outside beside the police car. The warnings were read from a prepared Miranda card, which did not include the warning that:
“You can decide at any time to exercise these rights and not answer any questions or make any statements.”
However, this warning was included on a Rights Waiver form and was read and signed by the appellant before his statement was taken later that day. All the warnings were not read to appellant just prior to his statement because he stopped the officers and explained that he fully understood his rights.
Sergeant Murdock also testified that during the interview just before the statement was taken, Sergeant French told appellant that his lawyer had called to say that he, appellant’s attorney, would be unavailable until the next morning. Nevertheless, appellant gave his complete statement to the officers.
On April 18, 1980, appellant was arraigned and appointed counsel. He retained new counsel on May 3, 1980. Before trial an order was granted appellant to obtain from the district attorney, names and addresses and expected testimony of each of the state’s witnesses. At trial, appellant filed a motion for continuance because he had not been able to interview the alleged victim, the prosecutrix, who was then living in Atlanta, Georgia. After a hearing, the trial court denied the motion because the prosecutrix was within her rights to refuse to talk to appellant’s counsel and because her testimony at the preliminary hearing could have been readily obtained anyway.
A demurrer to the indictment was also denied at trial.
*383 During the trial, appellant’s motions to suppress appellant’s statement to Officers Murdock and French because of a failure to properly give the Miranda rights, and to suppress the prosecutrix’s in-court identification of appellant were denied.
After the guilty verdict was pronounced, the appellant filed his motion for a new trial which was duly denied.
I
The principal argument raised on appeal is that the prosecution made remarks in closing argument which constituted prejudicial error against the appellant such that a new trial should have been granted. The rules governing the latitude given to counsel in closing argument, the permissible inferences that counsel can draw from the evidence, and the deference to be given the trial court with regard to his efforts to eradicate possible prejudicial error and with regard to his conclusions on the resulting effects on the jury are clearly outlined in a recent opinion, Chambers v. State, Ala.Cr. App., 382 So.2d 632, cert. denied, Ala., 382 So.2d 636 (1980), and cases therein cited. We need add nothing to the rules themselves, nor to the cases cited in Chambers. We need only point out that the prejudicial effects of remarks of counsel can be removed by the trial court through either sustaining objections of opposing counsel or properly instructing the jury as to improper remarks or both and that the trial court is in a much better position than an appellate court to assess the net effect of such remarks on the jury.
The following is typical of the remarks, objections and court rulings raised by this appellant as improper or prejudicial: R. pages 156-166
1.“MR. GOMANY: The girl asked the victim to please move her car.
“MR. JOHNSON: I object to the continued use of the term victim.
“THE COURT: Overruled.
“MR. JOHNSON: We except.
“THE COURT: Ladies and gentlemen, I’m going to have to say this eventually, so I might as well say it. The lawyers in arguing this case can draw any inferences, reasonable inferences they can draw from the evidence. They can argue their recollection of the evidence. They can argue their interpretation of the law, that is, their interpretation of it. The law will come from the Court. In arguing, of course, I say they can argue and I have told you what they can argue. What they do argue is not evidence. You all heard the evidence. You will decide what the evidence is. Go ahead.”
2. “MR. GOMANY: You have a lot of weirdos that do things like this.
“MR. JOHNSON: Judge, I object to that argument.
“THE COURT: When he objects lets stop a second.
“MR. JOHNSON: I object to the use of the term ‘we have a lot of weirdos’.
“THE COURT: Overruled.
“MR. JOHNSON: We except.”
3. “MR. GOMANY: They go out to this hair cutting place in Hoover, K-Mart out there in Riverchase. Remember now, two detectives and several patrol officers with them to make his arrest.
“MR. JOHNSON: Judge, I object to that as being improper argument. It’s just for the sole purpose of trying to inflame the jury.
“THE COURT: Overruled.”
4. “MR. GOMANY: Four [police officers]. They have been on the force for years.
“MR. JOHNSON: Judge, there’s no testimony about any police officers.
“THE COURT: Correct, there is not.”
5. “MR. GOMANY: Mr. Johnson tries to insinuate things up here yesterday. You heard him put that poor woman what she had to go through. He’s up here trying to bring things out about her. He didn’t have one single witness up here to say anything about that whatsoever.
“MR. JOHNSON: Judge, I object to that.
“THE COURT: Overruled.”
6. “MR. GOMANY: This is Harris speaking. You know, I admit — I *384 mean — I mean — I’m not no angel by a long shot, because I mean — I mean, I’ve been in a lot of trouble.
“MR. JOHNSON: Judge, I object to going into this.
“THE COURT: It’s in evidence. Overruled.
“MR. GOMANY: I’m not no angel by a long shot. I’ve been in a lot of trouble. What does that tell you about him?
“MR. JOHNSON: We object to that comment by Mr. Gomany.
“THE COURT: Overruled.”
7. “MR. GOMANY: Just think of the injury she has to suffer for the rest of her life just because of this nut over here.
“MR. JOHNSON: Judge, I object to that argument.
“THE COURT: I sustain the objection. Disregard the term nut.
“MR. GOMANY: Well, you can go back there and think whatever you want to. But he’s no good. We’re asking you to convict him and find him guilty of that offense. We want him out of the streets. These people are scared of him.
“MR. JOHNSON: Judge, I’m going to object to that.
“THE COURT: Overruled. As I told the jury, he can draw his inferences from the evidence like you can draw yours.”
8. “MR. GOMANY: He gets his kicks out of breaking in on the woman, pretending to use the phone, getting on her bed and pinning her down and putting his hands in her and calling her a prostitute. That’s a weirdo. He needs to be off the street for a while.
“That’s why we are having this trial.
“MR. JOHNSON: I object to the use of the term weirdo.
“THE COURT: I think I sustained the objection to that before. I sustain it again. Disregard it, ladies and gentlemen.”
While we fully recognize that the foregoing is not a model to emulate in closing argument by a prosecutor, nevertheless, we support the actions of the trial court in controlling the attempted abuses by the state’s attorney, and find that such court actions did indeed prevent any undue prejudice to the appellant. The verdict itself supports this holding. Where, as here, the jury returns a verdict for a lesser offense than that charged in the indictment even though the evidence is clearly sufficient to support the alleged offense, there is strong indication that a prosecutor’s remarks checked by timely court instructions had no effect harmful to the appellant. Chambers v. State, Ala.Cr.App., 382 So.2d 632, cert. denied, Ala., 382 So.2d 636 (1980); McQueen v. State, Ala.Cr.App., 355 So.2d 407, 411 (1978).
Appellant cites many cases in support of his contention that the remarks of counsel warrant a reversal in this case. Among those cited are Madison v. State, 55 Ala. App. 634, 318 So.2d 329 (1975); Langley v. State, 32 Ala.App. 163, 22 So.2d 920 (1945); Blue v. State, 246 Ala. 73, 19 So.2d 11 (1944); and Weaver v. State, 56 Ala.App. 29, 318 So.2d 768, cert. denied, 294 Ala. 773, 318 So.2d 772 (1975). We have reviewed these cases and find them distinguishable on their facts. In fact, Madison v. State, supra, stated the guiding principle regarding precedence for determining the prejudicial nature of arguments of counsel thusly:
“Our appellate courts have held that no ironclad rule exists by which the prejudicial qualities of improper remarks of counsel can be judged. Such depends upon the issues, parties, and general circumstances of the particular case.”
As explained above, it is our conclusion that under the particular facts of this case, there was no reversible error.
II
Appellant also contends that the trial court erred to reversal by not sufficiently correcting remarks of the prosecutor that a certain witness was not called by the appellant. After reviewing the record, we find not only that the court made a timely instruction to the jury regarding the rule involved, but also that said remarks of the prosecutor were not in any way prejudicial to the appellant.
*385 The appellant cites cases correctly stating the rule that one party cannot comment as to the other party’s failure to produce a witness that was available to both parties. Garsed v. State, 50 Ala.App. 312, 278 So.2d 761 (1973); Jarrell v. State, 251 Ala. 50, 36 So.2d 336 (1948).
However, these cases are distinguishable in that the trial courts did not properly or sufficiently correct the improper remarks, which were persistently waved in front of the jury to the prejudice of the defendants. Such is not the case here.
In pertinent part the record shows that the trial court properly instructed the jury as follows: R. pages 164-165
“THE COURT: Let me interrupt. Ladies and gentlemen, the lawyers can comment on a missing witness if the witness is not available to the other side who is objecting. If the witness is available to the other side then there can be no comment on it. With reference to this Gus, frankly I’ve kind of forgotten whether he was available or not available. In any event, to be safe, Mr. Gomany, just don’t comment on his absence. Disregard that comment, ladies and gentlemen.”
Ill
Another argument by the appellant is that the prosecutor illegally made reference to the fact that the appellant did not testify in his behalf. Specifically, the prosecutor commented in closing argument: R. pages 152-153
“MR. GOMANY: Mr. Johnson tries to insinuate things up here yesterday. You heard him put that poor woman what she had to go through. He’s up here trying to bring things out about her. He didn’t have one single witness up here to say anything about that whatsoever.”
Without deciding whether or not this comment would be prejudicial, we agree with the state’s contention that the comment referred only to the failure of appellant to produce witnesses to impugn the reputation of the alleged victim. Such reference is permissible where one party has the right to offer evidence on a given point. The jury has a right to infer that no such evidence exists and opposing counsel can comment on its absence, Earle v. State, 1 Ala. App. 183, 56 So. 32 (1911); Jarrell v. State, 251 Ala. 50, 36 So.2d 336 (1948).
IV
Several other points were raised by appellant in brief. These arguments have been carefully considered and are found to be without merit.
This case is due to be and is hereby affirmed.
AFFIRMED.
All Judges concur except DeCARLO, J. who concurs in result only.