On April 11, 1980, Lee Hatch was indicted for the first degree murder of Carrie Bell Goodgame by shooting her with a pistol. The jury found Hatch "guilty as charged" and the trial court set sentence at life imprisonment.
On January 17, 1980, appellant and the victim had a brief argument in a residential "shot-house." Appellant exited quickly and returned a few minutes later with a .22 caliber pistol saying he was going to "blow her brains out." Two eye witnesses saw the appellant slap the victim to the floor, jump on top of her and taunt her with the gun, firing several shots in the process. Finally, after the victim got to her feet, appellant pulled her to him, put the gun to her head and pulled the trigger. The result was a fatal wound to the brain.
The only defense offered by appellant was that he was somewhat intoxicated. The jury chose to believe that Hatch had the presence of mind to leave the scene and return with a pistol with the intention of killing the victim. The jury's verdict was "guilty as charged."
 I
The sole contention on appeal is with reference the testimony of an eye witness that she warned the appellant not to shoot the victim because he was already "on probation".
Based purely on the facts as evidenced by the trial record, we find it very remote that such a statement had any harmful effect on the jury's consideration as the appellant contends. Moreover, the witness' statement was not solicited by the prosecution, but was instead, an unresponsive answer to a proper question.
 A
Appellant complains that he made a Motion in Limine, prior to the trial, to have such evidence preempted, and that the trial court's failure to rule on said motion was reversible error. He also argues that even though the trial court sustained appellant's objection and instructed the jury to disregard the statement pertaining to appellant's probation, the information was so highly prejudicial as to be ineradicable and, thus, grounds for reversal. We disagree with both of these contentions.
In lieu of ruling on appellant's pretrial motion, the trial court below stated at R. 13:
 "THE COURT: Well, I will attempt to only allow admissible evidence. A very fine line we will be dealing with. Should it [evidence of probation] be part of the res gestae or admissible through the defendant we may have a different matter to consider."
In a similar case on point in response to a request for a ruling on a pretrial motion to suppress, that trial court stated:
"THE COURT: . . .
 "As I say, I will have to rule on matters one at a time in this regard as they come up, and that will largely be governed by the manner in which they do come up. So I do overrule the motion at this time for a ruling on the pretrial motion, because I wouldn't know how to rule on it."
. . . . .
"THE COURT: Okay. Let me say this: I said that I wouldn't know how to rule on it. I meant by that that I wouldn't know how to approach it pretrial, because it may, or may not, ever arise, and I don't know how it would arise. That is what I was trying to say."
See Patton v. State, Ala.Cr.App., 379 So.2d 1275 (1979), cert. denied, Ala., 379 So.2d 1277 (1980).
This court ruled that there was no error in the trial court's failure to rule on the motion. In keeping with that ruling we likewise find no error in the present case. Patton, supra.
 B
As to the trial court's actions, when the probation information was revealed, the record reflects at R. 23:
"Q. That's what Mr. Hatch said?
"A. That's what he said, and I went behind patting
 with both hands, jumped up and said, `Lee, please don't kill her; you're on probation and you got little children.'
"MR. JAFFE: Object to that.
"THE COURT: Sustain.
"MR. JAFFE: Ask that the jury disregard that.
 "THE COURT: Disregard that last statement, ladies and gentlemen. It was not responsive. You are not to consider it in any manner whatsoever.
 "MR. JAFFE: Respectfully move for mistrial, violation of the Fifth and Fourteenth Amendments.
"THE COURT: Overrule."
We hold that since the trial court sustained the appellant's objection and gave proper curative instructions to the jury, the result, in light of the particular circumstances of this case, was that the "probation information" was effectively removed from the jury's consideration. Adair v. State, 51 Ala. App. 651,288 So.2d 187 (1973) and cases cited therein; Retowsky v. State, Ala.Cr. App., 333 So.2d 193 (1976); Williams v. State, Ala.Cr.App., 354 So.2d 829 (1977), cert. denied, Ala.,354 So.2d 838, cert. denied, 437 U.S. 908, 98 S.Ct. 3100, 57 L.Ed.2d 1139
(1978); Ingram v. State, Ala.Cr.App., 356 So.2d 761 (1978);Earley v. State, Ala. Cr.App., 358 So.2d 494, cert. denied, Ala.,358 So.2d 501 (1978); Gipson v. State, Ala. Cr.App.,375 So.2d 504 (1978).
There being no error to reversal, this case is due to be and is, hereby affirmed.
AFFIRMED.
All the Judges concur. *Page 417