TYSON, Judge.
Randolph Young, also known as Randy Harris, was indicted and tried for the murder of a friend of his, one Ruben Martin. Due to the circumstances surrounding this homicide, the jury found appellant guilty of “manslaughter”, and the trial court set sentence at ten years’ imprisonment.
On the night of February 2, 1980, the appellant and Ruben Martin (the victim) had been drinking at a local “shot house” when each of them and several other men were asked to leave. Just outside the “shot house” Ruben Martin had an altercation of some kind with one or two of the other men. It was during this incident that appellant drew his .22 caliber pistol and shot and killed Ruben Martin.
The state’s evidence in support of a murder charge tended to show that appellant recklessly caused the death of another “under circumstances manifesting extreme indifference to human life” in violation of § 13A-6-2(a)(2), Code of Alabama 1975, when he fired his pistol at the men from a short distance away.
Appellant testified to the contrary that the shooting was an accident. He said that he saw two men beating up his friend, Ruben Martin, at the back door of the “shot house” and rushed over to break up the fight. He hit one of the men on the head with his gun and it went off, firing the shot that killed his friend.
The jury’s verdict would indicate that they did not feel that the state proved the requisite intent for murder. Nevertheless, they found appellant guilty of “manslaughter” under § 13A-6-3(a)(l), Code of Alabama 1975, apparently believing that although appellant did not intend to kill Ruben Martin, he did “recklessly cause the death of another.”
I
Appellant contends on appeal that certain actions and remarks by the prosecution during cross-examination of appellant and closing argument were so prejudicial as to constitute reversible error. We do not agree.
A
Appellant’s assertion that the prosecution’s use of a “rap sheet” during cross-examination of appellant was error is unfounded since as the trial court ruled (out of the presence of the jury) the jury was not cognizant of the “rap sheet”, nor was such displayed to the jury.
B
The legal principles governing appellant’s contention that remarks by the prosecution during closing argument (R. 173-177), and made Appendix I to this opinion, constituted reversible error have been sufficiently addressed in two of our recent decisions, Chambers v. State, Ala.Cr.App., 382 So.2d 632, cert. denied, Ala., 382 So.2d 636 (1980); Harris v. State, Ala.Cr.App., 398 So.2d 381 (1981), and cases cited therein. On authority of these cases, we need only point out that in the case before us the trial court sustained appellant’s objections where appropriate, and properly instructed the jury when necessary, thereby preventing possible harm to appellant. Having reviewed the arguments cited to us by the appellant as improper, we are not persuaded they were improper. Rather, we hold that any possible harm was eradicated by the trial court’s rulings as evidenced by the verdict of the jury which was for a lesser offense (manslaughter) than that argued for (murder) by the prosecution. Chambers, supra; Harris, supra.
This case is due to be and is affirmed.
AFFIRMED.
All the Judges concur.
APPENDIX I
And the State may argue first. Mr. Gomany.
MR. GOMANY: Thank you.
(Whereupon, Mr. Gomany then addressed the jury in closing arguments, at which time the following occurred:)
MR. GOMANY: We have here a black on black crime. People in the vicinity of Bir *901 mingham have been getting concerned about it and they have been complaining that nobody is doing anything about it. But, we know from working up here— MR. DANIEL: We are going to object to him telling them what he gets from up here, Judge.
THE COURT: Sustained.
MR. GOMANY: From working in law enforcement—
MR. DANIEL: Same objection.
MR. GOMANY: We up here in law enforcement know that the jury is the one, in these murder cases, that slaps the defendant on the wrist and lets them go—
MR. DANIEL: Judge, excuse me, Your Honor. We are going to move — we are going to object to this line of argument, it is outside of the evidence.
THE COURT: Sustained on that.
MR. GOMANY: Judge, I am just arguing the law.
THE COURT: All right. Go ahead.
MR. DANIEL: It is also to arise the prejudice and inflame the jury.
THE COURT: All right. Go ahead, Mr. Gomany.
MR. GOMANY: No, I am just stating the facts as they are.
MR. DANIEL: Judge, I am going to object to his defying—
THE COURT: Yes. Disregard that, ladies and gentlemen. All right. Go on, Mr. Gomany.
MR. GOMANY: And he knew at that time he had no legal right to kill that young man, or Jerome. Because, we are going to — of course, the theory of transfer intent, if you shoot somebody—
MR. DANIEL: Excuse me, Judge, may we approach the bench?
THE COURT: Un-huh. Well, members of the jury, the Court will charge you on the law in the case.
(Whereupon, there was a brief off the record discussion out of the hearing of the jury.)
THE COURT: The Court will charge you on the law.
MR. GOMANY: The people of Gate City-now I know they wouldn’t want to—
MR. DANIEL: Judge, we object to the Gate City business, same objection we had before.
THE COURT: You mean on what?
MR. DANIEL: Arguing facts, appealing to the prejudice of the jury.
THE COURT: Well, you can appeal for law enforcement, though, and I think that is what he has been doing.
MR. DANIEL: But he cannot use a specific group, Judge.
THE COURT: Well, I will sustain specifically but—
MR. GOMANY: Well, it happened in Gate City, Judge.
THE COURT: All right.
MR. GOMANY: The law says that if you believe a witness intentionally lied on the witness stand to a material fact that you can disregard any and all of his testimony— if a witness is merely mistaken, then that is the difference. But he sure got nervous and I sure heard a lot of objections—
MR. DANIEL: Judge, we are going to object to that argument, and move for a mistrial. I am entitled to object and he knows that. And he is making a reference to my objection.
THE COURT: Well, he is entitled to object, members of the jury. Any attorney is entitled to object in this case.
MR. DANIEL: Not only am I entitled Judge, I am bound to.
THE COURT: Yes, if you think you are right, you are bound to object.
MR. GOMANY: He will charge you on manslaughter, what it means. Criminal negligent homicide, a misdemeanor—
MR. DANIEL: Judge, excuse me. (Whereupon, the attorneys and reporter approached the bench and the following was had and done out of the hearing of the jury.)
*902 MR. DANIEL: Judge, I move for a mistrial on the basis the jury has been told about the degree of punishment and not their problem.
THE COURT: He didn’t mention degrees of punishment.
MR. DANIEL: Said that is a misdemeanor, Judge.
THE COURT: Members of the jury, the court sets punishment in this case, it is not for you. All right. Go ahead, Mr. Gomany.
MR. GOMANY: That is all.
THE COURT: Mr. Daniel.
MR. DANIEL: Thank you, Your Honor.
(Whereupon, Mr. Daniel then addressed the jury in closing arguments, there being no exceptions reserved to rulings therefrom.)
THE COURT: Members of the jury, we will take a two or three minute recess and then come back and have the concluding arguments. You may go to the jury room.
(Whereupon, a brief recess was taken by the Court, after which the following was had and done before Court and jury.)
THE COURT: Mr. Gomany.
(Whereupon, Mr. Gomany then addressed the jury in final closing arguments, and the following was had and done:)
MR. GOMANY: Well, I wanted him to take the stand, he said, if he got—
MR. DANIEL: Judge, we are going to object to what I wanted him to do as far as his taking the stand is concerned.
MR. GOMANY: He opened the door, Judge.
MR. DANIEL: Opening the door does not mean he goes through it with a bus.
THE COURT: Members of the jury, the attorneys may handle their case as they see, each one of them can handle their own case.
And Mr. Gomany is arguing his case.
(Whereupon, Mr. Gomany concluded his closing argument without any further objections or exceptions reserved to rulings therefrom.)
THE COURT: Members of the jury, we had already made a request for the lunchroom to take you to lunch in just a few minutes. And you will be the guest of the court system today for lunch.