TYSON, Judge.
Louis Thomas Cook was indicted for first-degree assault in violation of § 13A-6-20, Code of Alabama 1975. He was found guilty of third-degree assault, and was ultimately sentenced to four months’ imprisonment with three years’ probation and fined $500.00 plus court costs and restitution.
On November 4, 1981, the appellant cut Billy Mac Sneed on his hands and forearms with a pocketknife.
The state’s evidence revealed that Sneed had exited his truck with a metal rod and had approached the appellant only after the appellant had insulted him and challenged him to a fight. Sneed never reached the appellant, but instead retreated due to appellant’s continuing threats. As Sneed was leaving, the appellant shattered, with a “lug wrench”, the driver’s side window on Sneed’s truck, reached through the broken window and inflicted the knife wounds on Sneed’s hands and forearms.
The appellant’s evidence to the contrary, was that Sneed initiated the argument and the fight, and that he (Sneed) never attempted to retreat. The appellant also contended that both he and Sneed were intoxicated when this incident occurred.
I
The appellant contends ' that the trial court erred in permitting a state’s witness to testify that he knew the appellant by his nickname, “Snake” Cook. (R. 34).
In a pre-trial motion the appellant had requested that such testimony not be allowed because the reference to “Snake” Cook would unduly prejudice the appellant. The trial court denied said motion because the alias “Snake” Cook was listed in the indictment (R. 301) and on authority of Harris v. State, 48 Ala.App. 723, 267 So.2d 512 (1972), it appeared that the admission of such an alias would not be error. (R. 8B).
These actions by the trial court were proper. The mere introduction to the jury of a name by which the appellant is in fact otherwise known does not constitute prejudicial error. Smith v. State, 401 So.2d 251 (Ala.Cr.App.), cert. denied, 401 So.2d 257 (Ala.1981); Harris v. State, supra. The trial court was, therefore, prudent in withholding its final judgment on the admissibility of appellant’s alias until such a decision was requested at trial. Patton v. State, 379 So.2d 1275 (Ala.Cr.App.1979), cert. denied, 379 So.2d 1277 (Ala.1980); Hatch v. State, 398 So.2d 415 (Ala.Cr.App.1981).
When the appellant’s nickname, “Snake” Cook, was introduced to the jury through the testimony of investigator Ed Weatherford (R. 34), the objection which was eventually made (R. 35) came too late. Williams *802 v. State, 383 So.2d 547 (Ala.Cr.App.1979), aff'd, 383 So.2d 564 (Ala.1980).
Therefore, the trial court did not err with reference this alleged illegal testimony.
II
The appellant apparently acquired the nickname “Snake” because he had a snake tattooed on his forehead. This snake tattoo was visible to the jury during the course of the trial.
The prosecutor eventually fell prey to temptation and in closing argument to the jury exclaimed: “What kind of man would have a snake tattooed on his forehead?” (R. 291). Appellant objected to this comment by the prosecutor and the trial court responded by admonishing the jury not to consider it. (R. 264). Appellant then moved for a mistrial, after which the trial court merely responded that the prosecutor’s comment was not appropriate.
This issue was restated in the jury’s presence at the close of the trial court’s oral charge and the trial judge again instructed the jury not to consider the improper comment because it was not evidence in the case. (R. 291).
Appellant now argues on appeal that the prosecutor’s comment constituted ineradicable prejudicial error for which his conviction must be reversed.
To begin with, appellant, arguably, did not properly preserve this “ineradicable prejudice” issue for our review, because his only objection at trial was grounded generally on the “5th Amendment’s guarantees.” (R. 264). Even if the alleged error had been properly preserved, however, it is our conclusion that under these circumstances the harm, if any, was not ineradicable and was not cause for reversal. [See generally, Harris v. State, 398 So.2d 381 (Ala.Cr.App.), cert. denied, 398 So.2d 385 (Ala.1981), and cases cited therein.] In this instance the jury had observed the appellant’s tattooed forehead during the entire trial. For aught that appears, the prosecutor’s comment, which did nothing more than call the jury’s attention to the tattoo, did not further prejudice this appellant, especially in light of the trial court’s prompt action in sustaining appellant’s objection by admonishing the jury to disregard said comment. (R. 264, 291). Retowsky v. State, 333 So.2d 193 (Ala.Cr.App.1976); Earley v. State, 358 So.2d 494 (Ala.Cr.App.), cert. denied, 358 So.2d 501 (Ala.1978); Richardson v. State, 374 So.2d 433 (Ala.Cr.App.1979); Kuczenska v. State, 378 So.2d 1182 (Ala.Cr.App.1979), cert. denied, 378 So.2d 1186 (Ala.1980) and cases cited therein; Chambers v. State, 382 So.2d 632 (Ala.Cr.App.), cert. denied, 382 So.2d 636 (Ala.1980); Harris v. State, 398 So.2d 381, supra; Young v. State, 399 So.2d 899 (Ala.Cr.App.1981).
Our conclusion, that the jury was not influenced by the prosecutor’s improper comment, gains additional support from the fact that the jury returned a verdict for a lesser offense (third-degree assault) than that charged in the indictment (first-degree assault) and as argued for by the prosecutor in this cause. See Harris v. State, 398 So.2d 381, supra, and cases cited therein.
Ill
Finally appellant argues that even if the errors cited above are not singularly cause for reversal, their cumulative effect when combined with the harm caused by numerous leading questions by the prosecution constitutes prejudicial error. This assertion is without merit.
As explained above, the comments with reference appellant’s alias and his tattoo did not constitute prejudicial error. Furthermore, the trial court properly sustained or overruled appellant’s timely objections to the leading questions appellant now cites as additional prejudice. Therefore, there was no “cumulative” prejudicial error in this case. Kendricks v. State, 378 So.2d 1203 (Ala.Cr.App.1979.)
This cause is therefore due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.